TEXAS & ST. LOUIS R. R. CO. v. H. S. MATTHEWS.

(Case No. 1529.,

1. MEASURE OF DAMAGES.— Where a railroad company appropriates a portion of the land of another in the construction of its road thereon, without resorting to the statutory method of ascertaining the damages (R. S., 4195), the measure of damages for the appropriation is the value of the land on the day it was taken, and that amount to be increased or diminished according as the remainder of the tract has been injured or benefited by the appropriation of the part used in the construction of the road. This amount may be increased by special injuries resulting from the trespass, and in a proper case by vindictive damages. B. B., B. & C. R. R. Co. v. Ferris, 26 Tex., 588, followed.

2. SAME.— In estimating such damages no separate account should be taken of the trees cut upon the land, but the value of the land taken, with the trees growing on it, should be assessed.

APPEAL from Bowie. Tried below before the Hon. B. T. Estes.

H. S. Matthews instituted this suit on the 10th of February, 1881, against the appellant, to recover damages for the construction of the railway across the H. S. Janes survey of land, situated in Bowie county. First, for the value of the land taken; second, for the value of the timber cut down.

Trial and verdict for the plaintiff for the sum of $500. Upon this a *remittitur* of $35 was entered by plaintiff, upon the suggestion of the court that the verdict was at least excessive to that extent, whereby the amount was reduced to $465, for which judgment was finally entered.

*M. H. Whitaker* and *Chas. T. Bonner*, for appellant.

*Dan T. Leary*, for appellee.

WILLIE, CHIEF JUSTICE.— The only question for our decision in this case is: What is the measure of damages in an action brought by the owner of land against a railroad company for taking possession of a portion of his land without his consent and constructing a railroad through it?

Our statute, in cases where land is condemned under it, provides that the commissioners shall estimate the injuries sustained and the benefits received by the owner as to the remaining portion of the real estate, and the extent of such increase or diminution, and shall assess the damages accordingly. R. S., art. 4195. This is legislative construction as to what amounts to a compensation to the owner for landed property taken for public use. Is he entitled to any more

in case the land is appropriated without a resort to the methods provided by statute? In the latter case the railroad company becomes a trespasser, whereas in the former it proceeds to subject the land to its use in the proper forms of the law. As in case of trespass the injured party recovers compensation for his losses, damages for any special injuries or expenses to which he is subjected, and in a proper case vindictive damages, it would seem proper that where there were no special damages nor a case made for those of a punitory character, the amount to be recovered would be what would compensate the owner for the loss he had sustained in having his property taken from him and appropriated to railroad purposes. The compensation as fixed by the statute referred to should, by analogy, be applied to such a case, and the plaintiff should recover the amount of the value of the land appropriated on the day it was taken, this amount to be increased or diminished accordingly as the remainder of the tract has been injured or benefited by the appropriation of a portion of it for the construction of a railroad. This rule has been heretofore approved by this court in the case of B. B., B. & C. R. R. Co. v. Ferris, 26 Tex., 588, and we see no reason to depart from it.

This is the rule which should determine the amount of the plaintiff's recovery in this case, if he recovers at all, provided he makes no proof of special damages, or lays a basis for such as are exemplary.

In estimating the value of his property, no separate account should be taken of the trees cut from the land, but the value of the land taken with the trees growing on it should be assessed. They are part of the realty and should not be separated from it in arriving at the value of the land. The jury, under the charge of the court, did thus value the trees separate from the land, which is apparent from their verdict, and hence their finding was excessive and not in accordance with the evidence before them, and so was the judgment even after *remittitur* entered. The judgment is therefore reversed, and the cause remanded for a new trial in accordance with the law as laid down in this opinion.

Reversed and remanded.

[Opinion delivered October 26, 1883.]