## J. H. BURNETT v. C. R. MUNGER.

### Decided March 28, 1900.

1. Contract—Breach—Damages—Evidence.

Damages recoverable for breach of a contract for employment of plaintiff about renting and selling defendant's land can not be shown by the opinion of experts as to the value of the contract, such value not constituting the measure of damages.

2. Same—Demurrer—Charge—Harmless Error.

Overruling an exception well taken to allegations in a petition stating the value of a contract as being the damages for breach of it, was not ground for reversal where the charge gave the correct measure of damages,—commissions plaintiff would have been able to realize, less expenses

3. Error—Contract—Consideration.

Admission of testimony not otherwise justified, can not be sustained on the ground that it was done to show the consideration of the contract sued on, where such contract was in writing, with no plea of failure of consideration.

**4. Limitation—New Promise.**

A letter containing an unqualified admission of liability for a claim to which limitation had been pleaded and disclosing nothing indicating unwillingness to pay it, was a sufficient new promise to avoid the bar.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*J. R. Burnett,* for appellant.

*Reese & Masterson* and *Maco & Clegg Stewart,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant for damages for the alleged breach of a written contract. Appellant among other matters set up a claim against appellee in reconvention.

We sustain the first and eighth assignments of error. The court should have sustained the special exception addressed to that portion of the plaintiff's petition alleging the value of the contract sued on; such alleged value not being the correct measure of the plaintiff's damages. However, this error was controlled by the charge to the jury, and does not require a reversal of the judgment; but the testimony admitted to the jury under the averments referred to, as shown by bills of exception numbers 3, 8, and 9, should have been excluded. It was not proper, over the defendant's objection, to permit witnesses to state or give testimony tending to show the value of the contract sued on. The amount of money which the plaintiff would have realized, had the defendant not breached the contract, was the correct measure of damages; and the testimony referred to and admitted over the defendant's objection may have misled the jury.

The trial judge's explanation that the testimony was admitted for the purpose of showing a consideration for the contract sued upon, does not help the plaintiff. The contract was in writing—there was no plea of lack or failure of consideration; and, therefore, that issue was not in the case. Newton v. Newton, 77 Texas, 508.

The letter referred to in the eighth assignment, written by the plaintiff to the defendant, contained an unqualified admission of the plaintiff's liability for the claim referred to therein and pleaded by the defendant in reconvention; and, so far as disclosed by the record, there was nothing in the letter indicating an unwillingness to pay the same. This was sufficient to take the claim out of the statute of limitation (Howard v. Windom, 86 Texas, 560), and the letter should have been admitted in evidence.

On the other questions raised, we rule against the appellant. The judgment is reversed and the cause remanded.

*Reversed and remanded.*