DALLAS TERMINAL RY. & UNION CO.
et al. v. ARDREY et al.†

(Court of Civil Appeals of Texas. Dallas.
March 30, 1912. Rehearing Denied April 20, 1912.)

1. EMINENT DOMAIN (§ 303*)—PROPERTY ADJOINING STREET—USE BY RAILROAD—ODORS.
   One owning property adjoining a street in which a railway track was built may recover for noise, vibration, smoke, noxious vapors, cinders, and the increased danger from fire incident to and resulting from the operation of trains, if such matters are sufficient to reduce the value of the property.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 815–817; Dec. Dig. § 303.*]

2. DAMAGES (§ 153*)—COMPLAINT.
   A complaint, in an action against a railroad for damages to adjoining property from noise, vibration, smoke, etc., was not insufficient as seeking a double recovery, though it alleged "by reason, etc., * * * the plaintiffs

had been damaged in the sum of $5,000, etc., and, that said action of the defendants constituted a nuisance, and by reason of said nuisance plaintiffs' property has been damaged in the sum of $5,000."
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 422–425; Dec. Dig. § 153.*]

3. PLEADING (§ 433*)—OBJECTIONS TO COMPLAINT—CURE BY VERDICT.
   Though a complaint, in an action against a railway for damages to property from noise, vibration, smoke, etc., incident to the operation of the road, contained allegations which might be construed as seeking a double recovery, the overruling of a demurrer thereto was harmless, where from the proof and the verdict it is evident that a double recovery was neither sought nor had.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1451–1477; Dec. Dig. § 433.*]

4. EMINENT DOMAIN (§ 298*)—RAILROAD IN STREET — INJURIES FROM CONSTRUCTION — EVIDENCE.
   In an action for injuries to property adjoining a street in which a railroad was built, a witness testifying as to the damages should state what the market value of the property was just before and what it was just after the tracks were laid, and a refusal to permit him to testify as to whether the lot was of greater or less value after the laying of the track was proper.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 807; Dec. Dig. § 298.*]

5. EMINENT DOMAIN (§ 284*)—NUISANCE FROM CONSTRUCTION — DAMAGES — PERMANENT INJURY.
   A plaintiff, in an action against a railroad for injury to adjoining property from noises, vibrations, smoke, etc., from a railway built in a public street, is entitled to damages for any present or prospective injury which would lessen the value of the property and is not limited to damage from such negligence in the construction and operation of the road as occurred prior to a sale of the property.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 789, 790; Dec. Dig. § 284.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Helen L. Ardrey and others against the Dallas Terminal Railway & Union Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Gilbert & Upthegrove, of Dallas, for appellants. Rembert G. Watson and J. J. Eckford, both of Dallas, for appellees.

RAINEY, C. J. This suit was brought by appellees to recover of appellants damages to a certain lot in the city of Dallas, at the southwest corner of Lamar and Jackson streets. Appellees alleged that appellants constructed on Lamar street three railway tracks without the consent of appellees, and without any compensation having been made them, one of which said tracks is within three or four feet of the curbing of the sidewalk on Lamar street on which said property of appellees abuts, and which said last-mentioned track was constructed without the consent of the city of Dallas, and the three tracks have been so built, constructed, and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

operated as to practically destroy the use of said Lamar street by other persons, or for other purposes, than the use by defendant for the purpose of railway companies; that ingress or egress to said property had been seriously impaired and the property practically destroyed; that by the reason of the construction of said tracks, and the operation of railway trains thereon, and the noise, vibration, smoke, noxious vapors, cinders, and the increased danger from fire incident to said operation, appellees' property had been damaged in the sum of $5,000; that the said acts of defendant constitute a nuisance; and that by reason of said nuisance said property has been damaged and caused to deteriorate in value $5,000. Appellant filed a general demurrer and special exceptions, and excepted to that portion of the petition claiming that one additional track was put down without the consent of the city of Dallas. It further excepted to that portion alleging damage by reason of the noise, vibration, smoke, noxious vapors, etc., all of which exceptions were overruled, and the ruling of the court duly excepted to. Appellant further answered by general denial and specially that it constructed said tracks by permission of the city of Dallas and under its supervision; that said street was rough, uneven, full of holes, impassable at all times, and unfit for use as a thoroughfare until put to grade and paved with asphalt under directions of the city at defendant's expense in the sum of $9,000, which enhanced the value of said property; that said tracks were skillfully laid; and that only four passenger trains per day were operated over said tracks, two in the daytime and two at night, and no cars were allowed to stand near said lot, etc. A trial resulted in a verdict and judgment in favor of appellees for $3,000, from which this appeal is taken.

[1-3] There was no error in overruling defendant's demurrer to that portion of plaintiff's petition which reads: "By reason of the construction of said tracks and the operation of railway trains thereon by said defendants, or the one or the other of them, and the noise, vibration, smoke, noxious vapors, cinders, and the increased danger from fire incident to and resulting from the operation of railway trains upon said tracks, and the use made thereof by the defendants, that plaintiffs had been damaged in the sum of $5,000, etc., and that said action of defendants constituted a nuisance, and by reason of said nuisance plaintiffs' property has been damaged in the sum of $5,000." The damages sought to be recovered were that which affected the value of the land, and it was a question of fact whether or not there was sufficient noise, vibration, etc., to have that effect. The allegations at the close of said paragraph should not be construed as seeking a double recovery; but, should it be so construed, there was no injury to appellant by the action of the court, for it is evident from the proof and the verdict of the jury that a double recovery was not sought nor had.

[4] There was no error in refusing to permit W. C. Connor to testify as to whether the lot was of greater or less value after the laying of the tracks in the street abutting the same. He was not called on to state what the market value of the property was just before and what it was just after the tracks were laid. This would not have been improper, and from it the jury could form some estimate as to the value of the property. Railway v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42; Boyer & Lucas v. St. Louis, S. F. & T. R. Co., 72 S. W. 1038.

The fourth, fifth, sixth, and seventh assignments of error relate to the admission and rejection of the testimony of certain witnesses. We think there was no material error in the action of the court respecting the matters complained of, and said assignments are overruled.

[5] Complaint is made of the refusal to give special charge No. 3, which is as follows: "Unless you find and believe from the testimony that the defendant was negligent in the construction and operation of its railway, as it was used on Lamar street adjoining plaintiffs' property prior to the time when plaintiffs sold their property, you will find against the plaintiffs on the question of compensation on account of noises, vibrations, smoke, noxious vapors, cinders, and the increased danger from fire, if any, occasioned by the construction and operation of its railway." The court did not err in refusing this charge. Appellees' action was to recover for the injury done to the lot by the building of the tracks. If the damage was occasioned by the noise, etc., it was permanent, and the proof thereof was legitimate for the jury's consideration. The construction of the road was permanent, and there was no restriction to the number of trains that should be run by the company. That they might increase the number was very probable, and it was a question the jury might look to in determining whether or not the value of the property was affected by the building of the road.

In Railway v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42, Mr. Justice Gaines, in delivering the opinion for our Supreme Court, quoting approvingly an English case, says: "When by the construction of any works there is a physical interference with any right, public or private, which the owners or occupiers of property are by law entitled to make use of in connection with such property, and which gives an additional market value to such property apart from the uses to which any particular owner or occupier might put it, there is a title to compensation if by reason of such in-

terference the property as property is lessened in value."

In the case of Daniel v. Railway Company, 96 Tex. 327, 72 S. W. 578, Mr. Justice Brown quotes with approval the case of Railway Co. v. Hall, supra, and further says: "The existence of a permanent nuisance may cause injury by destroying the comforts of a home and not cause loss in the market value of the property, or it may cause injury to both; hence adequate compensation must embrace all the damage done and no more."

Other assignments are presented which relate principally to the refusal of special charges. They have been duly considered, and we have reached the conclusion that no material error was committed.

The evidence is sufficient to support the judgment, and it is affirmed.