FORT WORTH & D. S. P. RY. CO. v. GILMORE et al. (No. 2963.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 1, 1928.

1. Eminent domain ⬅️132—Where land is taken by eminent domain, value of growing crops can be considered only as they affect market value.

Where tract of land, which is covered with trees, growing crops, etc., is taken by eminent domain, existence of these features can be taken into consideration in determining compensation, so far as they affect market value of land, but market value of the land as land, remains test, and there can be no recovery for any elements mentioned, valued separately as items additional to value of land.

2. Eminent domain ⬅️262(5)—Error in admitting testimony on value of crops and value of land in condemnation proceedings and in submitting items of damages separately held harmless.

Errors in overruling exception to item claiming damages for value of crop in condemnation proceedings and in admitting testimony on value of crop and value of land and in submitting items of damages separately, held harmless, where it appeared no double recovery was allowed.

3. Eminent domain ⬅️92—Damages resulting because of negligent construction of railroad roadbed cannot be recovered in condemnation proceeding.

Damages resulting by reason of negligent construction of railroad roadbed, causing water

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be impounded on land, depreciating value of land not taken, could not be recovered in condemnation proceeding.

**4. Eminent domain ⟨key⟩262(5)—Admitting testimony in condemnation proceedings showing damages to land not taken from defective construction of roadbed held reversible error, though jury found no such damages.**

In proceedings to condemn land for railroad's right of way purposes, admitting testimony regarding defective construction of roadbed to show damage to land not taken and submitting issue to jury, thereby conveying idea that it was proper element for recovery, *held* reversible error, even though jury found that defendant suffered no damages as result of defective construction of roadbed.

**5. Appeal and error ⟨key⟩1050(1)—Where appellate court cannot say erroneous admission of testimony was harmless, judgment will be reversed.**

Where Court of Civil Appeals cannot say that erroneous admission of testimony was harmless, judgment will be reversed.

**6. Eminent domain ⟨key⟩203(1)—Vibration and noises incident to operation of trains near property condemned, unless amounting to nuisance, were admissible in condemnation proceedings for right of way only upon issue of depreciation in value of land not taken.**

Unless vibration and noises incident to operation of trains near property condemned amounted to nuisance, such facts were admissible in condemnation proceedings for railroad's right of way only upon issue of depreciation in value of land not actually taken.

**7. Evidence ⟨key⟩474(1)—Testimony of witness not qualified, in condemnation proceedings, regarding cost of moving dwelling, held properly excluded.**

In condemnation proceedings for railroad's right of way, testimony of witness not qualified regarding cost of moving dwelling and other improvements away from railroad, *held* properly excluded.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Suit by the Fort Worth & Denver South Plains Railway Company, against V. B. Gilmore and others, to condemn land for right of way purposes. From the judgment rendered by the county court on appeal from an award made by the commissioners, plaintiff appeals. Reversed and remanded.

Bledsoe & Crenshaw, of Lubbock, for appellant.

Pearce & Triplett, of Lubbock, for appellees.

HALL, C. J. The appellant railway company instituted this suit against V. B. Gilmore, G. L. White, and Whit Robinson, for the purpose of condemning, for right of way purposes, 5.59 acres of land out of a tract of 198 acres belonging to Gilmore, against which land White and Robinson held an indebtedness secured by vendor's lien.

The preliminary steps incident to the condemnation of the property were duly taken, the award was made by the commissioners, from which the appellee appealed to the county court.

The appellant made the deposit and filed the bond required by the statute, and constructed its roadbed across the land pending the determination of the appeal from the award of the commissioners.

The appellees sought to recover damages in the amounts stated, upon the following grounds:

(1) That the proposed right of way passed in such close proximity to the appellee's residence and improvements that it would necessitate the moving of the dwelling and other improvements at a cost of $1,000.

(2) That the 5.59 acres of land taken was of the reasonable market value of $75 per acre, aggregating $412.50.

(3) That, in constructing its roadbed upon the premises, the Railway Company had destroyed the crop of cotton then growing on the 5.59 acres of land, which crop was of the reasonable market value of $150.

(4) That the company had so constructed its roadbed as to impound water on other land not taken, thereby depreciating the value of about 40 acres to the extent of $20 per acre.

(5) That, after the construction of the roadbed, it rained in that vicinity, and, by reason of the manner of the construction of the roadbed, the natural drainage of adjoining lands was changed, causing Gilmore's land to overflow, and resulting in the destruction of 15 acres of growing cotton, to his damage in the sum of $375.

(6) That the right of way crossed the appellees' premises at an angle and divided the same into two tracts, leaving on one side a triangular tract of about 30 acres which would be difficult to cultivate, owing to the short rows and point rows, and making it necessary for Gilmore to cross over the track in reaching different parts of his farm, and, by reason of such fact and the destruction of the most practicable place for a residence and improvements and the inconvenience in moving his dwelling house and other improvements to an undesirable location, the value of the entire tract had been depreciated in the sum of $20 per acre, or a total sum of $3,850.

(7) That the necessary noises in the operation of trains along said right of way, resulting in annoyances and disturbance to the occupants of the premises, depreciated the property as a place of residence in the sum of $2,000.

The appellant excepted to various items of damages, which will be hereinafter discussed. Trial was to a jury and the substance of the issues and answers is as follows:

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(1) The reasonable cash market value of the land taken for right of way purposes, at the time of the taking, is $330.

(2) The depreciation in the cash market value of the land not taken for right of way purposes occasioned by the railway being constructed on and across the land was $2,852.50.

. To special issue No. 3, inquiring as to the value of the cotton on the 5.59 acres, which was destroyed by the construction of the roadbed, the jury found such value to be $55.

The jury further found that the manner in which the roadbed was constructed did not cause any of the land to overflow, and that such overflow did not destroy any cotton on the land.

Based upon the verdict, the court rendered judgment condemning the 5.59 acres for railway purposes, and decreed that the appellees recover against appellant $330, for the value of the land taken, $2,852.50 depreciation in value of the land not taken, and $55 as the value of the cotton destroyed on the 5.59 acres.

The appellant insists, by its first proposition, that, where the court submits to the jury the issue as to the value of the land taken by the railroad company, for right of way purposes, at the time of the taking, it is improper to authorize the jury to find the value of the crops growing upon said land, since it submits issues which may result in a double recovery.

[1] The rule is that, when a tract of land is taken by eminent domain, which is covered with trees, growing crops, etc., the existence of these features can be taken into consideration in determining the compensation, so far as they affect the market value of the land, but the market value of the land, as land, remains the test, and there can be no recovery for any of the foregoing elements valued separately as items additional to the value of the land. 1 Nichols on Em. Dom. (2d Ed.) § 226.

2 Lewis on Em. Dom. (3d Ed.) § 724, states the rule thus:

"The compensation should be estimated for the land as land and not for the materials which compose it. But it is proper to show the value of crops on the land, though it is not competent to go into the question of the profits which might have been made therefrom, but for the taking. * * * But these items should not be valued separately, but considered as affecting the value of the land."

See 20 C. J. 798, § 245; Texas & St. Louis R. Co. v. Matthews, 60 Tex. 215; 2 W. & W. § 144.

[2] It appears, however, that the jury made separate findings as to the value of the land and the value of the crop of cotton growing on it, so there has been no double recovery. The errors of the court in overruling the exception to the item claiming damages for the value of the crop and in admitting testimony upon both issues, and in submitting the items of damages separately, are harmless errors. Dallas Terminal Ry. & Union Co. v. Ardrey, (Tex. Civ. App.) 146 S. W. 616.

[3, 4] The next contention is that, in a proceeding to condemn land for a railroad right of way, depreciation in the value of the land not taken, by reason of the negligent manner of construction of the roadbed, causing water to be impounded on the defendant's farm, is not a proper element of damages, and the trial court erred in not excluding said issue and all testimony thereon from the consideration of the jury.

The defendant alleged, in substance, that before the construction of the roadbed the defendant's land was a choice piece of property, having a good drainage, being slightly sloping, which tended to drain the water from the land, but that the company so constructed its roadbed that the same impounds water upon the land and drains other lands for something like a mile north onto the defendant's land, thereby depreciating it in value $20 per acre, for at least 40 acres. This allegation was excepted to, because by it defendant sought to recover damages for the negligent construction of the roadbed. The exception was overruled, and Gilmore was permitted to testify that, after the construction of the roadbed, and just after a rain, he took off his shoes and waded into a lake of water which had been impounded by the roadbed, and found that the water was almost knee-deep, and that it resulted in destroying about 15 acres of his cotton, which was submerged, and damaged the remainder, in the amount stated.

Damages which result in cases of this character by reason of the negligent construction of the road cannot be recovered in a condemnation proceeding. Jefferson County Traction Co. v. Wilhelm (Tex. Civ. App.) 194 S. W. 448; City of San Antonio v. Fike (Tex. Civ. App.) 211 S. W. 639; Stephenville, N. & S. T. Ry. Co. v. Moore (Tex. Civ. App.) 111 S. W. 758; Kirby v. Panhandle & G. Ry. Co., 39 Tex. Civ. App. 252, 88 S. W. 281; Gregory v. Railway Co., 21 Tex. Civ. App. 598, 54 S. W. 617.

[5] While it is true that the jury found that defendant suffered no damages as the result of the defective construction of the roadbed, the court admitted testimony upon the issue showing damages and submitted the issue to the jury, thereby conveying the idea that it was a proper element for recovery, and we think constitutes reversible error. The commissioners appointed by the county judge awarded Gilmore damages in the sum of $1,450. In this action, plaintiff recovered $3,237.50. The difference between these amounts is so great as to suggest that the testimony upon this issue influenced the jury in estimating the damages to the remainder

of the land not taken and included in the right of way. It has been held that even a proper instruction as to the measure of damages does not cure an error in admitting evidence upon an improper measure of damages or element of recovery. Tucker v. Hamlin, 60 Tex. 171; Burnett v. Munger, 23 Tex. Civ. App. 278, 56 S. W. 103; Gulf, Colorado & Santa Fé Ry. Co. v. Ryon (Tex. Civ. App.) 72 S. W. 72; Western U. Tel. Co. v. Sorsby, 29 Tex. Civ. App. 345, 69 S. W. 122; Smyth v. Caswell, 67 Tex. 567, 4 S. W. 848. Where this court cannot say that the erroneous admission of testimony was harmless, the judgment will be reversed. Schmick v. Noel, 72 Tex. 1, 8 S. W. 83; Jester v. Steiner, 86 Tex. 415, 25 S. W. 411; Griffis v. Payne, 92 Tex. 293, 47 S. W. 973; Mo., etc., Ry. v. Hannig, 91 Tex. 347, 43 S. W. 508.

[6] It is next insisted that damages occasioned by annoyance and disturbance from the operation of trains are not to be considered as an item of damages, but are only proper facts to be taken into consideration by the jury upon the question of depreciation in the market value of the land not taken. We think this contention is sound and is supported by the authorities. Unless the vibration and noises incident to the operation of trains near the property amount to a nuisance, these facts are admissible only upon the issue of depreciation in value of the home and the remainder of the land not actually taken. Gulf, Colorado & Santa Fé Ry. Co. v. Fuller, 63 Tex. 467; Gainsville H. & W. Ry. v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42; St. Louis, B. & M. R. Co. v. Green (Tex. Civ. App.) 196 S. W. 555; Houston Belt & Terminal Ry. Co. v. Wilson (Tex. Civ. App.) 165 S. W. 560; City of Rosebud v. Vitek (Tex. Civ. App.) 210 S. W. 728.

[7] The court did not err in excluding the testimony of the witness, Woolfarth, as to the cost of moving the dwelling and other improvements away from the railroad. He was not qualified to testify upon that issue.

What has been said disposes of all the material contentions, and, for the errors indicated, the judgment is reversed, and the cause is remanded.