**BELOTE et al. v. ENOCHS.**

No. 10439.

Court of Civil Appeals of Texas. San Antonio.

July 26, 1939.

Rehearing Denied Sept. 20, 1939.

E. G. Moseley, J. B. Wadlington, Harold McCracken, and S. Austin Wier, all of Dallas, and H. G. Ferguson, of Edinburg, for appellants.

Davenport & Ransome, of Brownsville, S. N. McWhorter, of Weslaco, and Price, Price & Phillips, of Magnolia, Miss., for appellee.

SLATTON, Justice.

Mrs. Annie B. Enochs filed suit in the District Court of Hidalgo County, February 28, 1936, against E. T. Belote, R. A. Graddy, C. W. Windham and Tom B. Owens to recover for a balance due on a vendor's lien promissory note executed by Belote and payable to K. G. Price, for the sum of $12,000, which was given in part payment of described land, and for foreclosure of the lien. Foreclosure of the lien was sought against all defendants and personal judgment was asked against Belote, Graddy and Windham.

It was alleged that on January 16, 1935, Belote conveyed to R. A. Graddy and C. W. Windham lots 17 and 18 of the land, for a consideration of ten dollars and other valuable consideration, and that Windham and Graddy should take said land subject to an unpaid balance of $10,000 on a note executed by Belote, payable to K. G. Price, dated March 1, 1927, due January 1, 1930, fully described in the Price deed recorded in Hidalgo County. A vendor's lien on the land was retained to secure the payment of the Price note.

That on January 26, 1935, Windham and Graddy executed a deed of trust to Joe F. Bailey, as trustee for the benefit of Tom

B. Owens, which instrument created a lien upon the land and recited: "It is understood and agreed that the above described notes are second and inferior to the unpaid balance of one certain note in the principal sum of $12,000.00, dated March 1, 1927, due on or before January 1, 1930, executed by E. T. Belote and payable to the order of K. G. Price, which note is described in deed recorded in Vol. 266, page 563, of the deed records of Hidalgo County, Texas."

It was alleged that by the execution and delivery by Belote and the acceptance and record by Windham and Graddy of said above described instruments, said parties acknowledged, agreed and promised to pay the unpaid balance due on said note and the lien securing the same.

It was alleged that Tom B. Owens had notice of the vendor's lien and unpaid balance due thereon, through the deed of trust wherein Bailey was trustee, and on May 30, 1935, Windham by warranty deed conveyed an undivided interest in and to the land to Owens and that Windham thereby again acknowledged the existence of the lien and debt.

The appellants answered among other pleas, the four year statute of limitation, and that the deed of January 16, 1935, from Belote to Windham and Graddy and the deed of trust to Bailey, trustee, were executed by mutual mistake of the parties; that it was not the intention of the parties to acknowledge the debt and lien, nor to bind themselves to pay. That a correction deed was executed by the parties on April 16, 1935, and an amended deed of trust was executed by the parties on April 15, 1935.

Mrs. Enochs by first supplemental petition pleaded, that under the terms of the correction deed the appellants became liable and bound to pay the debt. That Belote extended the maturity of the vendor's lien to the 6th day of April, 1935, the day of the execution of the socalled correction deed and thereby promised to pay the amount of the unpaid vendor's lien note by the execution and delivery of his deed of trust, dated April 6, 1931, to K. G. Price, recorded in the records of Hidalgo County.

Belote and others answered the supplemental pleading by a motion to strike and special plea to the effect that the deed of trust was wrongfully recorded, because the acknowledgment was not taken before a disinterested notary public, as required by law, and that the deed of trust was claimed to be a renewal of a vendor's lien note which was barred by the four year statute of limitations, and should be pleaded in an amended petition and not in a supplemental pleading.

The trial court overruled motions to strike and, after trial to the court, judgment was rendered against Belote, Windham and Graddy for the sum of $20,790, and a foreclosure of a vendor's lien on lots 17 and 18, Block No. 3, Hammond's Subdivision, out of porciones 63 and 64, in Hidalgo County, against said parties and Tom B. Owens.

Findings of fact and conclusions of law were made and filed by the trial court at the request of Belote, Windham, Graddy and Owens, the appellants.

■ The appellants complain of the action on the trial court in overruling their motions to strike, which were directed to the appellee's supplemental petition. The reason suggested is, that appellee pleaded the deed of trust dated April 6, 1931, and sought a recovery upon a renewal of the debt and lien in suit in the supplemental petition, instead of an amended original petition. According to our understanding of the appellee's pleading, the recovery sought by the appellee and the recovery granted by the trial court was upon instruments duly pleaded in the original pleading of the appellee.

■ It seems to be the settled law of this State that "where a renewal is relied upon, the new promise constitutes the cause of action; it must be declared upon and limitation runs until it is declared upon." Cavers v. Sioux Oil & Refining Company, Tex.Civ.App., 23 S.W.2d 421, at page 430, citing Howard v. Windom, 86 Tex. 560, 26 S.W. 483; Erskine v. Wilson, 20 Tex. 77, 78.

■ It is insisted that the trial court erred in not sustaining the plea of the four year statute of limitation. The note in suit is dated March 1, 1927, due on or before January 1, 1930. The instruments upon which appellee relies for a recovery are dated in January, 1935. The suit was filed February 28, 1936. If the instruments have the legal effect to renew the debt and lien and obligate the parties to pay, the court did not err in overruling the plea.

■ It is next contended that the court erred in receiving the deed of trust in evi-

dence. The objections being (a) that the instrument was pleaded in the supplemental petition. (b) The instrument was void because the acknowledgment was taken by the trustee named therein. (c) The instrument being void on account of the faulty acknowledgment, the record thereof was illegal and its record was not constructive notice to appellants Graddy, Windham and Owens.

The first objection is obviously without merit. The fact that the instrument was defectively acknowledged would not preclude its use in evidence between the parties to it. The appellee did not rely upon the instrument as a basis of recovery, but used the same to oppose the contention asserted by the appellants that it was not their intention to acknowledge and renew the debt and lien by their deed dated January 16, 1935, and deed of trust dated January 26, 1935. It was not necessary that Windham, Graddy and Owens have constructive notice of the deed of trust, because the appellee relied upon the deed dated January 16, 1935, and the deed of trust dated January 26, 1935 (instruments under which they claim), for notice to them. Hence we perceive no error in the action of the trial court in receiving the deed of trust in evidence.

■ It is insisted that the court erred in receiving in evidence letters and telegrams passing between the holder of the note and Belote, at or near the date of the conveyance of the land by Belote to Graddy and Windham. The objection urged by Belote is that such letters and telegrams were not pleaded. This is not a valid objection; the letters and telegrams were not relied on by the appellee for a recovery, they were, however, material upon issues raised by the pleadings, and being declarations of parties to the suit and their privies, were admissible in evidence. 17 Tex.Jur., § 224, p. 546, notes 12 and 13, and § 225, p. 547, note 2.

■ The same objection was urged by Windham, Graddy and Owens, and that such letters and telegrams were not brought to their knowledge. The last named appellants are in privity with the declarants of the letters and telegrams, hence they are admissible against them. However, if such letters and telegrams were not admissible against the parties last named, the presumption prevails that the trial court did not consider such evidence against said parties.

We now come to the all important questions presented by this appeal. The appel-

lants contend that the deed of conveyance relied upon by the appellee contained a "subject to" clause and not an assumption clause, therefore, the court erred in rendering personal judgment against them.

They further contend that the evidence shows that full value was paid to the seller and that the vendor's lien note did not constitute a part of the consideration, hence no personal judgment should be rendered against them.

The appellants further assert that if the instruments relied upon by the appellee for the new promise and obligation to pay have that effect, the provisions were inserted in such instruments through mutual mistake of the parties thereto, and that the correction deed and amended deed of trust had the legal effect of relieving the instruments of the renewal and obligation to pay, and the trial court erred in rendering judgment in favor of appellee.

The evidence shows and the trial court found that on January 16, 1935, Belote executed his deed of conveyance with the following recitals: "for and in consideration of the sum of ten dollars and other valuable consideration to me in hand paid by R. A. Graddy and C. W. Windham, as follows: Ten Dollars cash in hand paid, the receipt of which is here acknowledged, and the further consideration that grantees take the hereinafter described land subject to the unpaid balance of one vendor's lien note in the original principal sum of Twelve Thousand Dollars, with an unpaid balance of Ten Thousand Dollars, said note executed by E. T. Belote, payable to K. G. Price, dated March 1, 1927, due January 1, 1930, bearing interest at the rate of 6% per annum, and fully described in deed from K. G. Price to E. T. Belote, of record in the Deed Records of Hidalgo County, Texas, and further subject to all taxes and assessments for irrigation due or to become due against the hereinafter described land, * * * (here the land is described), after which follows the usual habendum and warranty clauses, and

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements until the above described note and all interest thereon are fully paid according to face and tenor, effect and reading, when this deed shall become absolute.
                    "(Signed)   E. T. Belote."

One 50c U. S. documentary stamp cancelled January 16, 1935. This deed was ac-

knowledged, and recorded in the Deed Records of Hidalgo County, Texas.

On January 26, 1935, C. W. Windham and R. A. Graddy executed and delivered to Tom B. Owens a deed of trust whereby they conveyed the land to Joe F. Bailey, as trustee, which deed of trust was transmitted to Owens, at Fort Worth, and thereafter, on January 30, 1935, filed for record in the Deed of Trust Records of Hidalgo County. The deed of trust recited: "It is understood and agreed that the above described notes are second and inferior to the unpaid balance of one certain note in the principal sum of $12,000.00, dated March 1, 1927, due on or before January 1, 1930, executed by E. T. Belote and payable to the order of K. G. Price, which note is described in deed recorded in Vol. 266, page 563 of the Deed Records of Hidalgo County, Texas."

The trial court found that no satisfactory evidence was offered to the effect that the true consideration for the conveyance of the land by Belote to Graddy and Windham was other than is recited in Belote's deed dated January 16, 1935, and that none of the provisions of the deed were placed therein due to any mutual mistake of fact on the part of the grantor or grantees in said deed. That the instrument duly reflected the agreement between Belote and the then owners and holders of the note sued on by appellee herein to extend said note together with the lien securing its payment and was so understood by Belote.

It appears from the terms of the deed of trust from Windham and Graddy to Bailey, trustee, for the benefit of Owens, that they then knew and understood the provisions of said deed.

Among the conclusions of law are the following:

"2. The deed of January 16, 1935, from Defendant Belote to Defendants Windham and Graddy, as executed and recorded was, and is, a valid and binding renewal and extension of the debt evidenced by the note sued on by Plaintiff herein, and of the liens securing its payment, in strict accord with the requirements of Article 5522, Revised Civil Statutes of Texas, and had the effect of renewing and extending said debt and liens and merging same in the new vendor's lien reserved by Defendant Belote to secure payment of said debt; and such renewal and extension thereby became, and was, and is, binding upon Defendant Belote and upon all persons claiming under him, including Defendants Graddy, Windham and Owens, who thereby acquired, or have since acquired, any interest in, or liens upon the land by said deed conveyed to Windham and Graddy by Belote.

"3. In addition to the usual consideration of forbearance to sue on a matured obligation; renewal and extension of the debt and lien in suit under and by virtue of the execution and record of Belote's deed of January 16, 1935, to Graddy and Windham were supported by a valuable consideration moving to Belote from the then owners and holders of said debt and lien, to-wit: their agreement to take less than the face value of their debt if paid within certain specified times, which agreements were known to, accepted by, and relied upon by Defendants Graddy and Windham in their purchase of said land from Belote.

"4. Belote's so-called 'correction deed' to Graddy and Windham executed April 6, 1935, does not purport to, nor could it, affect the validity of Plaintiff's debt and lien here in suit.

"5. The only consideration shown for Belote's conveyance to Graddy and Windham of the lands described in his deed of January 16, 1935, (as well as in the so-called 'correction deed' executed April 6, 1935) being $10.00 and the agreement of Graddy and Windham to take said lands subject to the then existing debt now sued on by Plaintiff herein, their obligation with regard thereto is within the rule that where a purchaser of land encumbered with a lien to secure payment of an existing debt agrees to pay a particular sum as consideration for the purchase, but actually pays to his vendor only the difference between the sum named as the purchase price and the debt on the land, such purchaser assumes payment of the prior lien indebtedness, notwithstanding his deed recites only that he purchased subject to such debt and lien."

"It is now well settled by the decisions of our Supreme Court that a promise to pay will be implied from an acknowledgment of the existence of a debt, unless such acknowledgment is accompanied by expressions on the part of the debtor indicating an unwillingness to pay." Hahl v. Ellwood, 34 Tex.Civ.App. 642, 79 S.W. 829, 831, writ refused, citing: Howard & Hume v. Windom, 86 Tex. 560, 26 S.W.

483; Burnett v. Munger, 23 Tex.Civ.App. 278, 56 S.W. 103; Acers v. Acers, 22 Tex. Civ.App. 584, 56 S.W. 196.

We are of the opinion that the trial court correctly construed the legal effect of Belote's deed. It effectively renewed the debt and lien as between Belote and the holder and owner of the note and lien upon the land conveyed. Such deed being signed, acknowledged and recorded in conformity with Art. 5522, R.C.S.1925, was binding on Belote and those thereafter acquiring an interest in or liens on the land. Graddy and Windham by the acceptance of the Belote deed and the delivery of their deed of trust to Bailey, for the benefit of Owens with the recitals of the debt and lien contained in said instruments thereby acknowledged the existence of the debt and lien.

Appellants Windham, Graddy and Owens are estopped by the recitals contained in the deed and deed of trust, which constitute their chain of title, to deny the existence of the debt and lien in suit. Graham v. Oakes, et al., Tex.Civ. App., 32 S.W.2d 916, writ refused.

Not only are appellants Graddy and Windham estopped through the recitals mentioned to deny the existence of the debt and lien, but where they, as purchasers of land incumbered with a lien to pay an existing debt, agree to pay a particular sum as consideration for the purchase, but only actually pay to their vendor, Belote, the difference between the sum named as the purchase price and the debt on the land, such purchasers assume payment of the prior lien indebtedness, notwithstanding their deed recites that the land is purchased subject to the lien. Beital v. Dobbin et al., Tex.Civ.App., 44 S.W. 299, writ refused; Fisher v. Hemming, Tex.Civ.App., 164 S.W. 913, writ refused.

In view of the findings of fact made by the trial court, that the deed recited the true consideration passing from the purchasers to Belote and that the recital was not included within the deed through the mutual mistake of the parties, and the further fact that Belote, Windham and Graddy, who gave their deposition in the cause, did not testify that the consideration recited in the deed was other than therein expressed, we are of the opinion that the trial court was justified in his conclusion of law that Windham and Graddy assumed the payment of the debt and correctly rendered personal judgments against them.

The appellants sought to avoid the force and effect of the recitals contained in the deed and deed of trust dated in January, 1935, by pleading and proving a correction deed and an amended deed of trust dated subsequent to the dates of the deed and deed of trust aforesaid and before this suit was filed.

The subsequent deed recites:

"This deed is given in lieu, substitution and correction of a certain deed dated January 16, 1935, executed by E. T. Belote to R. A. Graddy and C. W. Windham, and recorded in Vol. 392, Page 646 of the Deed Records of Hidalgo County, Texas. * * *

"It being expressly agreed and stipulated that the terms subject to certain notes, taxes and assessments as above set forth shall create no personal liability, express or implied, on the part of the grantees herein and/or as against the land. The term subject to shall mean the liens as they exist or do not exist as disclosed by the record at the date of this conveyance, and shall not be construed as assuming or reviving any lien or liens, or creating any personal liability on the part of the grantees herein and/or as against the land."

The trial court found against the appellants upon the issue of whether the recitals contained in the instruments were the result of a mutual mistake of the parties.

It is noted that the correction deed does not attempt to change the consideration stated in the first deed and we have mentioned the important fact that the parties to this suit did not see fit to testify as to what the true consideration was between Belote and Graddy and Windham, or that it was different than was expressed in their deed.

The appellants offered the opinion of an expert, who seemed to be an agent of one of the appellants, as to the value of the properties here involved, but the trial court found, as above stated, that no satisfactory evidence was offered to the effect that the consideration was other than expressed in the Belote deed.

It is our opinion that under the evidence the trial court was justified in deciding the issues of fact against the appellant. The judgment is affirmed. .