**LO–VACA GATHERING COMPANY, Appellant,**

v.

**Joe SPINDOR et ux., Appellees.**

No. 4691.

Court of Civil Appeals of Texas, Eastland.

July 26, 1974.

Rehearings Denied Sept. 20, 1974 and Oct. 11, 1974.

C. O. McMillan, Stephenville, for appellant.

Richard D. Coan, Coan & Allen, Stephenville, for appellees.

WALTER, Justice.

Mr. and Mrs. Joe Spindor recovered a judgment against Lo-Vaca Gathering Company in a condemnation case and the company has appealed.

The judgment awarded the Spindors $2,700 for the land taken and $7,244.80 for damages to the remainder of their farm.

No question is raised about that portion of the judgment awarding $2,700 for the land taken. The points of error asserted relate to Special Issues 5 and 6 and the jury's answers thereto which are as follows:

### "SPECIAL ISSUE NO. 5

What do you find from a preponderance of the evidence was the reasonable market value of the 737.98 acre tract, exclusive of the 13.50 acre strip of land covered by the easement, immediately before the taking of the easement involved herein?

Answer in dollars and cents (or in monetary value per average acre).

Answer: $289,792.00

### SPECIAL ISSUE NO. 6

What do you find from a preponderance of the evidence was the reasonable market value of the 737.98 acre tract, exclusive of the 13.50 acre strip of land covered by the easement immediately after the taking of the easement involved herein?

Answer in dollars and cents (or in monetary value per average acre).

Answer: $282,547.20"

■ We find no merit in Lo-Vaca's no evidence points. The testimony of Joe Spindor, the owner of the farm, and Toby Stone, appellees' value witness, and the testimony of other witnesses and the exhibits constitute some evidence of probative force and support the answers to such issues. State v. Scarborough, 383 S.W.2d 839 (Tex.Civ.App.—Texarkana 1964, writ ref. n. r. e.).

We have considered the entire record and find that such answers are not against the great weight and preponderance of the evidence.

■ Appellant contends the court erred in refusing its motion to strike the testimo-ny of the witness Toby Stone. No authority is cited in support of this point. It is overruled. St. Paul Mercury Insurance Company v. Sugarland Industries, Inc., 406 S.W.2d 778 (Tex.Civ.App.—Eastland 1966, writ ref. n. r. e.).

■ Appellant contends the court erred in not sustaining its objections to the testimony of the witness George Turner, who testified substantially as follows:

I have been a dirt contractor for about 15 years. The first time I was on Joe Spindor's place the lake and his property were in good condition and there was no pipeline on it. I have been to the lake that is located on his property and am familiar with the portion of the lake that the pipeline crosses. The work done in the construction of the pipeline, in my opinion, caused some dirt to wash into the lake.

He was asked the following question and he gave the following answer:

"Q. Will you state in your opinion what is the way that that dirt could be removed from that area?

A. The only way I could remove it would be either by taking the dam out which would be a tremendous expense and draining the lake and move it with a dozer or take a dragline and truck and haul it off."

Mr. Turner was permitted to testify as to his opinion of the cost of removing the dirt from the lake as follows:

"Well, I think it'd take at least eight or ten days with a dragline. I don't know *what* you can get one. I don't have one myself and I don't know—I don't have that much call for a dragline, but there's also going to have to be trucks involved and you're going to have to use tandem axle trucks which there's not very many in this county. They have to be from Fort Worth or some larger town, and they do run expensive. I think it'd take eight or twelve days to clean it out like

it should be.—Well, I haven't set down and figured it up. It would be hard to give a man a contract price on it but I will say between seventy-five hundred and ten thousand dollars to clean it out right."

All of such damages testified to by Turner occurred subsequent to the taking of the easement. We are of the opinion that the court erred in permitting Turner to testify as to damages caused by the construction of the pipeline. In Texas Electric Service Company v. Campbell, 161 Tex. 77, 336 S.W.2d 742, at page 746, our Supreme Court said:

". . . The construction of this transmission line was let to an independent contractor. Even if the condemnor was itself doing the work the owner could not recover damages for tort committed by the condemnor in the condemnation proceedings. The owner is relegated to a separate action founded in tort. The measure of damages in a condemnation suit is fixed by the statute of eminent domain. Art. 3265, Vernon's Ann.Civ. Stat."

In Fort Worth & D. S. P. Ry. Co. v. Gilmore, Tex.Civ.App., 2 S.W.2d 543 (no writ history), the court said:

"Damages which result in cases of this character by reason of the negligent construction of the road cannot be recovered in a condemnation proceeding."

Glade v. Dietert, 156 Tex. 382, 295 S.W. 2d 642 (1956) is relied on by the appellee in support of his contention that Turner's testimony was proper. The Glade case is not a condemnation case and is not controlling on the question at hand.

Because of the error in admitting such testimony over the objection of the appellant, the judgment is reversed and the cause is remanded only insofar as damages to the remainder of appellees' land is concerned.

## ON MOTION FOR REHEARING

Appellee contends in his motion for rehearing as follows:

"At page 2 of the opinion of the Court states:

'We are of the opinion that the Court erred in permitting Turner to testify as to damages caused *by* the construction of the pipeline.' (emp. added)

This obviously becomes a question of semantics. Turner did not testify that the damages were caused *by* the construction of the pipeline. He only testified that it happened *during* the construction."

We will agree that there may be a question of semantics but damages resulted "during" and "by" the construction would not be admissible.

The motion for rehearing is overruled.