JOHN S. GREGORY V. GULF & INTERSTATE RAILWAY COMPANY.

Decided December 8, 1899.

1.  Condemnation Proceedings by Railway—Burden of Proof as to Damages—Charge Harmless.

Where, in a proceeding to condemn land for right of way, the owner claims a larger amount than that awarded by the commissioners of appraisement, and the right of the railway company to have the land condemned has been conceded, it is not reversible error for the court to charge that the burden of proof is on the defendant land owner to show the damages he claims.

2.  Same—Damages for Tort Not Recoverable In.

Damages sounding in tort, as for loss of crops and rents, resulting from neglect of a railway company to fence its track or put in cattle guards when building across an inclosed field, can not be recovered of the company in a proceeding brought by it under the statute to condemn the right of way over the land, although it would be liable for such damages in a proper action brought in the proper court.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

Geo. E. Mann, for appellant.

Denson & Fickett, for appellee.

GILL, ASSOCIATE JUSTICE.—This was a proceeding brought by appellee, the Gulf & Interstate Railroad Company, for condemnation of right of way for their railroad through the farm lands of appellant, John S. Gregory.

Commissioners were appointed by the county judge as required by statute (Revised Statutes, article 4448) to assess the damages, and they found for appellant the sum of $45 as value of the land taken and damages incident to adjoining lands. To their findings appellant duly filed his opposition in the County Court, laying his damages for the value of the land and resulting damages to adjoining land at $2750. A trial by jury resulted in a verdict in favor of appellant for $100, and judgment being rendered accordingly, with costs adjudged against appellee, appellant perfected this appeal, and the case is before us upon numerous assignments of error.

The facts as disclosed by the record are, that prior to the institution of the condemnation proceedings the appellee had constructed its railway through the inclosed field of appellant, and had failed to rebuild the gaps in the inclosure and construct and maintain cattle guards. The field consisted of 115 acres of fenced land, part of which was in cultivation. The land actually taken for right of way amounted to 6¾ acres, and the road as built divided the field into two parts. The effect of appellee's failure to close the gaps in appellant's fences was to leave the field open to ingress of stock, and as a result appellant did not use or cultivate any of it for two years. He then built a fence on one side of the rail-

way, thus closing one part of the field, at a cost of $106, and it was shown that it would cost a like amount to fence the other side. The appellee had refused to build either cattle guards or fence, on the ground that it had no money.

Appellant's written plea in opposition did not undertake to specify the various items of his alleged damages, but proof was adduced both as to the value of the land at the time and after its appropriation, the extent to which adjacent land was affected, and as to the rental value for the two years it remained unused, and the cost of fencing.

The third assignment of error assails the action of the trial court in charging the jury that the burden of proof was upon appellant to establish the amount of his damages by a preponderance of the evidence.

In view of the fact that the right of appellee to have the land condemned had been conceded, and the only question remaining to be determined was whether the commissioners had assessed the damages at a sufficient sum, and to ascertain the amount of appellant's damage, we do not think the assignment should be sustained. He became the actor in the filing of his opposition, and having affirmatively laid his damage at a much greater sum, it was not reversible error to impose upon him the burden of establishing his averments. The charge may have been of questionable propriety, but under the circumstances it was harmless.

The fourth assignment is too general, is otherwise violative of the rules, and can not be considered.

The first and second assignments of error assail the action of the trial court in refusing to submit to the jury, as an element of damage, the rental value of the parts of the field not taken for right of way, and which were unused for two years because of the failure of the railway company to fence its right of way or establish and maintain cattle guards. It is well settled that the owner of the land thus invaded by a railway, and whose fences have been left open, is not bound either to fence the right of way and thus repair the breach in his inclosure, or construct the necessary stops or cattle guards, in order to maintain his action for the resulting damage. And this is true whether the damages resulted from the inroads of live stock or are in the form of rents for the lands, the use of which for cultivation is thus lost to him. These items of damage would be recoverable in an action brought in the proper court for the purpose, and upon proper pleading setting out the wrongful acts or omissions of which the injury is the proximate result. In such a case the right of way, if not previously condemned, could be awarded to the railway if prayed for, and all matters between the parties determined in the one proceeding. Rev. Stats., art. 4472; Railway v. Adams, 63 Texas, 200. In the case just cited the landowner sued for damages in the District Court, and such special items of damage were correctly held to be proper subjects of consideration.

This, however, was a proceeding brought by the railway company for the purpose of condemning the right of way. It was instituted in a tribunal which alone had original jurisdiction of such matters. It was

the province of such tribunal to consider only such items of damage as were incident to the doing of a lawful thing, viz., the construction of a railway upon the land of another under circumstances authorized by law. In a suit of this nature the tribunal could adjudge against the railway company damages in any amount which the law and the facts might justify, without reference to the ordinary jurisdiction of the county court. The scope of such an inquiry is limited by article 4459 of the Revised Statutes to "the value of the property sought to be condemned and to damages which will be sustained by the owner thereof by reason of such condemnation." The omission or refusal of the railway company to construct cattle guards was a tort, and the damages resulting from that feature of this case were recoverable in an original action for damages brought in any tribunal having jurisdiction of the amount claimed.

The nature of condemnation proceedings which must originate before commissioners appointed under the statute can not be changed by the pleadings of the owner of the land so as to authorize a recovery of damages properly recoverable in an action sounding in tort. The authorities cited by appellant upon this question are principally overflow cases in which the condemnation feature is wanting, and they therefore have no bearing upon the case under consideration.

The case of Railway v. Adams, supra, relied on by appellants, contains a full discussion of the law governing the recovery of such damages as appellant complains were excluded here, and had the action been properly brought by appellant for their recovery, would be decisive of his rights.

The trial court seems to have taken a proper view of the law of this case and fairly submitted to the jury the only issues they could lawfully consider. The verdict is supported by the evidence and no reversible error has been made to appear. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.