CITY OF SAN ANTONIO v. FIKE et al.
(No. 6212.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1919.)

1. EMINENT DOMAIN ⊂⊃238(6) — APPEAL FROM AWARD—RIGHT TO OPEN AND CLOSE.

On appeal from an award of commissioners in condemnation proceedings by a city, the property owners were not entitled to open and close the argument because of their agreement merely admitting that certain ordinances were duly passed, not admitting the right of the city to exercise the right of eminent domain for the purpose of condemning the property, nor of the legal sufficiency of the steps taken for the purpose.

2. EMINENT DOMAIN ⊂⊃238(6) — APPEAL FROM AWARD—RIGHT TO OPEN AND CLOSE— ADMISSION.

The property owners' admission in open court on appeal after the conclusion of the introduction of evidence, dictated to the stenographer, if sufficient under rule 31 of the Courts of Civil Appeals (142 S. W. xiii), came too late to entitle the owners to open and close.

3. EMINENT DOMAIN ⊂⊃238(6) — APPEAL— RIGHT TO OPEN AND CLOSE—WAIVER OF AUTHORITY.

After court hearing an appeal in eminent domain proceeding by city had granted property owners right to open and close on theory they had made agreement entitling them to the privilege, which placed burden on them as to contested issues, city waived no right by asking the court to proceed consistently with its ruling, as by requesting charge that burden was on owners as to question of value.

4. EMINENT DOMAIN ⊂⊃238(6) — APPEAL — SUBMISSION OF ISSUES.

On appeal in eminent domain cases by a city, it is best to submit on issues: First, as to the market value of the land taken; second, whether the remaining land has depreciated in value by the taking; and, third, if there has been such depreciation, its amount; and it would be proper to give instructions concerning the elements to be considered, in view of the proof, in deciding the issues, but to submit each element separately does not furnish a practical way to decide them.

5. EMINENT DOMAIN ⊂⊃82—CONDEMNATION OF SIDEWALK—RIGHT OF OWNERS OF LOT.

If a sidewalk had been destroyed under condemnation proceedings by a city, involving the appropriation of the lot to which it was appurtenant, the owners of the lot could recover for its appropriation, whether viewed as having given added value to the land taken or to the entire lot.

**6. EMINENT DOMAIN ☞85—CONDEMNATION OF SIDEWALK—PRESUMPTION.**

In eminent domain proceedings by a city, even if the fee to the street adjacent to the land taken is in the city, the presumption obtains, by reason of the long existence of a sidewalk condemned, that it had been placed where it was by the consent or requirement of the city, which had no right to remove it without compensating the owner of the lot.

**7. EMINENT DOMAIN ☞124—TIME OF ESTIMATED DAMAGE—PRIOR ENTRY.**

When an unlawful entry on land has been made by a city and the land is afterwards condemned by the city, the owner is entitled to recover the value of the part taken as of the date of trial, and the damages which will be caused to the remainder of the land by reason of the condemnation of part.

**8. EMINENT DOMAIN ☞112—DAMAGES FROM NEGLIGENT CONSTRUCTION.**

In a condemnation suit, damages resulting on account of improper and negligent construction cannot be recovered or considered for any purpose.

**9. EMINENT DOMAIN ☞112—CONDEMNATION PROCEEDINGS—RECOVERY FOR DESTRUCTION OF SIDEWALK.**

Where a city before proceeding to condemn land destroyed the sidewalk adjacent thereto, such destruction was an independent tort, as much as any improper or negligent construction on the land would have been, and no recovery therefor can be had by the property owners in the city's condemnation proceedings.

Appeal from Bexar County Court; J. R. Davis, Judge.

Condemnation proceedings by the City of San Antonio against Mrs. B. R. Fike and others. From a judgment rendered on appeal from the award of commissioners, the city appeals. Judgment reversed, and cause remanded.

R. J. McMillan and U. S. Algee, both of San Antonio, for appellant.

W. W. King and H. P. Drought, both of San Antonio, for appellees.

MOURSUND, J. This is an appeal from a judgment rendered upon an appeal from the award of commissioners in condemnation proceedings, instituted by the city of San Antonio, to appropriate, for the purpose of widening and straightening Soledad street, a strip of land out of lot 1, city block 139, the property of Mrs. B. R. Fike, which was subject to a lien by virtue of a deed of trust in favor of H. P. Drought & Co.

The judgment rendered upon a verdict on special issues from which the city has appealed is for $4,800, with 6 per cent. interest from date thereof.

[1] By the first assignment complaint is made because the court permitted the defendants to open and close the argument. Appellees contend that the filing before the trial began of an agreement with regard to certain facts constituted an admission on their part sufficient to entitle them to open and close. However, this was an afterthought, as plaintiff was permitted to open in the introduction of testimony. The agreement does not constitute an admission of the right of the city to exercise the power of eminent domain for the purpose of condemning the property, nor of the legal sufficiency of the steps taken for that purpose, but is, as to such points, merely an admission that certain ordinances were duly passed. In their answer defendants, in addition to a general denial of all allegations except that defendants are the owners of the property, specially denied that the city had the right to exercise the power of eminent domain for the purpose of condemning the property, and also made the issue that the condemnation was not necessary and not sought for the benefit of the public.

[2] It is further contended that their admission made in open court, after the conclusion of the introduction of evidence, and dictated to the stenographer, entitled them to open and close the argument. This admission does not appear to have been regarded as of sufficient importance to be embraced in the statement of facts or transcript, except as a part of a bill of exception. From the bill of exception it appears that the defendant admitted "the right of the city to exercise its right of domain in condemning the property, and, having failed to agree upon damages, defendant claims the right to open and conclude." The admission, if sufficient under rule 31 (142 S. W. xiii) came too late to entitle the defendants to open and close, for it came after the evidence had been introduced. As we understand our decisions, there is no doubt of the plaintiff's right to open and close in the introduction of evidence and the argument, unless the defendant admits the right of the plaintiff to the land for the purposes for which it is sought. Railway v. Chenault, 16 S. W. 173; Texas Power Co. v. Moerbe, 199 S. W. 503; Calvert, W. & P. Ry. v. Smith, 68 S. W. 68; Railway v. Brugger, 24 Tex. Civ. App. 367, 59 S. W. 556. Of course it follows that the admission must be made at the time required in other cases. The only distinction appears to be that in condemnation suits the admission need not be of such a nature as to entitle plaintiff to judgment if no evidence is introduced, this distinction being based on the theory that the owner has the affirmative of the issue as to value. When he has admitted everything except the plaintiff's contentions as to value it appears that under our decisions he should be permitted to open and close in the introduction of evi-

dence as to value and in argument. That the admission came too late is established by our decisions. Carter Music Co. v. Bailey, 179 S. W. 547; Lott v. Ballew, 198 S. W. 645; Caldwell v. Auto Sales & Supply Co., 158 S. W. 1030.

[3] The record fails to sustain the contention made by appellees that the error or the court was invited by the acts and conduct of plaintiff. The plaintiff did all in its power to prevent the ruling, but after it was made, and the court had prepared his charge submitting only issues relating to value, plaintiff requested and obtained the submission of a special charge to the effect that the burden of proof was on defendants as to such questions. This could not constitute an invitation to commit an error, for the court had definitely committed itself, nor did it constitute any waiver of such error. After the court has granted the right to open and close on the theory that the defendants have made an admission which entitles them to that privilege and which places the burden of proof on them as to the contested issues, it cannot be held that plaintiff waives any rights by asking that the trial proceed consistently with the ruling of the court. The plaintiff has erroneously been deprived of a valuable right. This error requires a reversal of the judgment.

[4] We regard the contention with respect to the verdict as without merit. The objection to the questions, now suggested, was not thought of at the time of the trial, and in view of the method adopted for presenting the issues to the jury, we think the jury must have understood that in passing on each question they did so independently of any finding they might make as to any other question. We consider the verdict sufficient to support the judgment. In order to avoid any opportunity for confusion it would be best to submit cases of this kind upon issues, as follows: First, the market value of the land taken; second, whether the remaining land has depreciated in market value by reason of the taking; and, third, if there has been such depreciation, the amount thereof. It would be proper to give instructions concerning the elements to be taken into consideration, in view of the proof made, in deciding the issues, but we believe to submit each element separately does not furnish a practical way to decide the issues, in that it is calculated to confuse the jury as to the real measure of damages. The difference between the items of damages and the elements entering into them is well stated in Parker County v. Jackson, 5 Tex. Civ. App. 38, 23 S. W. 924.

[5-9] The sidewalk for which a recovery was permitted was shown by the engineer's testimony to have been partially on the defendant's lot and partially on the street, the fee of which is claimed by the city in its pleading. Had the sidewalk been destroyed under condemnation proceedings involving the appropriation of the lot to which it was an appurtenance, there could be no doubt of the right of the owners of the lot to recover for its appropriation, whether it be viewed as having given added value to the land taken, or to the entire lot, in which latter case its destruction would cause damage to the remainder by necessitating the construction of a new sidewalk. Even if the fee to the street is in the city, the presumption would obtain by reason of the long existence of the sidewalk that it had been placed where it was by the consent or requirement of the city. Therefore the city would have no right to remove it without compensating the owner of the lot. However, it appears that such sidewalk was destroyed prior to the institution of the condemnation proceedings, and the question arises whether its value constitutes an item recoverable in condemnation proceedings. If it is not such an item, the court has no jurisdiction thereof. The general rule is stated to be that damages accruing prior to the institution of condemnation proceedings by reason of an unlawful entry should be recovered in trespass. Lewis on Eminent Domain, § 507. It is true that when an unlawful entry is made, and the land is afterwards condemned, the owner is entitled to recover the value of the part taken as of the date of the trial, and the damages which will be caused to the remainder of the land by reason of the condemnation of the part taken. Railway v. Cave, 80 Tex. 137, 15 S. W. 786. In the cited case the court called attention to the fact that the damages recovered were prospective in character, the price for which the future burden is laid on the land. In a condemnation suit damages resulting on account of improper and negligent construction cannot be recovered or considered for any purpose. Jefferson County v. Wilhelm, 194 S. W. 451. The application of the rule is well illustrated by the case of Gregory v. Railway Co., 21 Tex. Civ. App. 598, 54 S. W. 617, in which the railway company entered upon the land without condemning it, and failed to construct fences, etc. It was held that the damages, caused by such failure, whether resulting from inroads of stock or loss of rental value, could not be recovered in the condemnation suit afterwards instituted by the company.

We conclude that the destruction of the sidewalk was as much an independent tort as would be improper or negligent construction, and that no recovery thereof can be had in this suit.

The remark of counsel complained of was improper. As the case will be remanded on another ground, it is useless to discuss whether a reversal would be required by reason thereof, for it will not occur on another trial.

Judgment reversed, and cause remanded.