### THROCKMORTON COUNTY v. HOWSLEY.
### No. 696.

Court of Civil Appeals of Texas. Eastland.
May 2, 1930.

Rehearing Denied May 30, 1930.

B. F. Reynolds, Jeff Fowler, and Fred Wright, all of Throckmorton, for appellant.

T. R. O'Dell, of Throckmorton, and A. M. Howsley, of Albany, for appellee.

HICKMAN, C. J.

Upon the petition of certain freeholders of precinct No. 4, Throckmorton county, the commissioners' court of that county appointed a jury of view to survey, lay out, and describe a new road from the town of Throckmorton to the Young county line. The road ran through a tract of land owned by appellee. The jury of view assessed the damages of appellee at $536. The commissioners' court confirmed the award. Appellee refused to abide thereby, and appealed to the county court. Trial de novo before a jury resulted in a judgment in favor of appellee for the

952

sum of $1,170.50, from which judgment the county has appealed.

After the case was appealed to the county court, appellee filed a pleading in that court, in which he alleged his damages to be $482.55, the value of the land actually taken, and $957.07, the damages suffered to the land not taken. This last item of damages was based upon the fact that his land was left in two triangular shaped tracts, and "due further to the fact that in the construction of the drainage structure on the land so taken, which diverted water from its natural course over a large area of land, down, through and in the defendant's field, including a ditch through the land not so taken, the same being the heart of the defendant's farm." We construe this pleading as an action for damages sustained on account of the negligent manner of constructing the road.

Upon the trial it was developed that, after the jury of view assessed the damages and the commissioners' court ordered the opening of the road and confirmed the report of the jury of view, a deposit was made, as provided by statute, and the road was constructed through appellee's land. In constructing the road, certain culverts were built, and a ditch or channel was dug for a considerable distance across appellee's farm. Most of the testimony related to the damages which appellee suffered on account of the manner of constructing the road and the negligence in placing a culvert at the particular point in the road where same was constructed and in digging a ditch or channel through his land. Appellant objected to the testimony as to the damages which appellee would suffer on account of this ditch in case rain should come and the ditch should wash; one of the objections urged being that it was an attempt to prove an element of damage which was not recoverable in a condemnation proceeding. The ruling of the court in admitting this evidence is made the basis of an assignment in this court.

It is well settled by the decisions of the courts of this state that, in a condemnation proceeding, damages cannot be recovered, on appeal in the county court by the owner of land, which have accrued on account of the improper or negligent construction of the improvement pending the appeal to that court. For such damages the owner has recourse to the proper court having jurisdiction of the amount claimed in a separate suit instituted for that purpose, but he cannot recover for such damages in the condemnation proceedings. The reason for this rule is apparent upon reflection. Many cases could be cited supporting it, but the following will suffice: Jefferson County Traction Co. v. Wilhelm (Tex. Civ. App.) 194 S. W. 448, and the authorities there cited, to which may be added the following: City of San Antonio v. Fike (Tex. Civ. App.) 211 S. W. 639; Fort Worth & D. D. P. Railway Co. v. Gilmore (Tex. Civ. App.) 2 S.W.(2d) 543, and authorities there cited.

The peculiar applicability of the rule above announced to the instant case is made manifest by the testimony of appellee's witness Jim Thompson. He testified that he dug the ditch across appellee's land for the contractor. This testimony indicates that the road was constructed by a contractor, and it may be that appellee's action for this element of damages should be against the contractor and not the county. We do not wish to be understood as so holding, because the facts are too meager to warrant a conclusion, but, in view of another trial, we make this suggestion, that appellee may determine, from the actual facts as they exist, the proper party or parties responsible for his alleged damages on account of the culvert and ditch.

A suggestion was made upon submission that the entire proceeding for condemnation was void under the holding in Watt v. Studer (Tex. Civ. App.) 22 S.W.(2d) 709, and the statutes there construed and authorities there cited. We are unable to determine from the record before us whether the road established in the instant case had been designated as a state highway, so as to vest the highway department with exclusive power to establish same. Upon another trial this matter should be developed, in order for the court to be able to determine whether the condemnation proceedings were valid.

The judgment of the trial court will be reversed, and the cause remanded to be again tried in accordance with this opinion.