## TEXAS PIPE LINE CO. v. ENNIS.

### No. 2319.

Court of Civil Appeals of Texas. Beaumont.

Feb. 2, 1933.

Rehearing Denied Feb. 15, 1933.

Wm. K. Hall, of Houston, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, Justice.

In Texas Pipeline Company v. Ennis (Tex. Civ. App.) 44 S.W.(2d) 773, the appellant in that case is the appellant in this case, and the appellee in that case is the appellee in this case. That case was a condemnation proceeding in the county court of Nacogdoches county, wherein appellant was awarded an easement across appellee's land and appellee was awarded damages in the sum of $417. We refer to our opinion in that case for a statement of the facts and issues sustaining the condemnation and the award of damages.

This suit was by appellee against appellant for specific items of damages for the construction, maintenance, and operation of its pipe line across his land, in addition to the value of the easement, and which he alleged were not involved in the condemnation proceedings. Appellant's pipe line was constructed across appellee's land, over the easement awarded it in the county court judgment, before the trial of that case. The work was done for appellant by an independent contractor, who did the work in accordance with plans and specifications furnished by appellant. When the work was completed, appellant accepted the pipe line from its contractor and the specific items of damage, hereinafter mentioned, accrued after the pipe line was accepted and while it was being maintained and operated by appellant. On these facts appellant answered appellee's petition by a plea in abatement to the effect that all damages sued for in this case were involved in the county court proceeding; and, second, if in error as to any specific item of

damage, such damage was the proximate result of the negligence of the independent contractor, for which it was in no way liable. These special pleas were denied by the trial court, and, upon the fact issues submitted to the jury, appellee's damages were assessed at the sum of $367.50, for which judgment was entered in his favor.

The appeal is by appellant upon propositions asking only that the judgment of the lower court be reversed as a whole and rendered as a whole in its favor. There is no proposition of reversal and remand and no proposition attacking any specific item of damage pleaded by appellee. Appellant thus states its position: "We are not complaining of the verdict of the jury if appellee is, under the law, entitled to recover anything in this suit." Under this proposition we mention the following specific items of damage pleaded by appellee, submitted to the jury and found in appellee's favor: (a) Because of the manner in which the pipe line was constructed, appellee's land was caused to "wash," to his damage, $50, and (b) to overflow, to his temporary damage, $75; (c) loose dirt left on appellee's premises was "scattered" over his land, to his damage, $50.

Under the facts of this case, appellant presents a mere abstract question of law when it says that it was not liable to appellee for the damages suffered by him as the proximate result of the negligence of its independent contractor. This follows because these items of damage accrued to appellee after appellant took over its pipe line from its independent contractor and as a proximate result of the manner in which it maintained and operated the pipe line. Appellant was thereby made liable for these damages.

The question then is whether or not these items of damage were involved in and a part of the damages awarded appellee in the condemnation suit. We think this question must be answered in the negative. The specific items of damage under discussion here were the result of wrongs committed by appellant after it took over the operation of its pipe line. Under the following rule, announced by 16 Tex. Jur. 984, Eminent Domain, § 305, appellant was liable for these damages: "The rule is that even if the condemnor has been guilty of wrongdoing prior to the final award, damages are not recoverable for the tort in the condemnation proceedings; the owner must himself sue therefor." The following authorities fully sustain this rule: Stakes v. Houston North Shore Railroad Co. (Tex. Civ. App.) 32 S.W.(2d) 1110; Throckmorton County v. Howsley (Tex. Civ. App.) 28 S.W.(2d) 951; City of San Antonio v. Fike (Tex. Civ. App.) 211 S. W. 639; Gregory v. G. & I. Ry. Co., 21 Tex. Civ. App. 598, 54 S. W. 617.

Relying upon the rule that parties may agree that the issue of damages, proximately resulting from the construction, operation, and maintenance of the improvements, may be reserved from the award by the commissioners and the determination of the issue of condemnation in the county court on appeal (Reg. v. Howard, 6 Can. Exch. 420), appellee had submitted to the jury the following question, which was answered in the affirmative:

"Do you find from the preponderance of the testimony that the plaintiffs and The Texas Pipe Line Co., had an agreement before the condemnation proceedings that the damages as would be sustained in the construction of the pipe line through plaintiffs' premises were to be adjusted between the parties after the easement was had through plaintiffs' premises by the condemnation?

"You will answer this special issue 'yes' or 'no' as you may find the facts to be."

Appellant attacks this question and the jury's answer as being without support, both in the pleadings and in the evidence. We do not determine the merits of this proposition because, under our holding herein, appellant is liable for all the damages awarded by the jury. It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.