## THE TEXAS PIPE LINE COMPANY v. J. E. ENNIS.

No. 6494. Decided April 15, 1936.
Rehearing overruled June 17, 1936.
(93 S. W., 2d Series, 148.)

*William K. Hall,* of Houston, *Black & Graves* and *Charles L. Black,* of Austin, for plaintiff in error.

There can be no recovery for damages resulting merely from the construction of a public improvement except where the entry upon the plaintiff's land is unlawful and where the person making the entry and constructing the improvements is a trespasser. Fort Worth, etc., Ry. Co. v. Gilmore, 2 S. W. (2d) 543; 20 C. J., 1067; Lewis on Eminent Domain (2nd Ed.), sec. 567; Mills on Eminent Domain, sec. 216; 1 Nichols on Eminent Domain (2nd Ed.), sec. 226.

*Adams & McAlister,* of Nacogdoches, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

On June 30, 1928, the Texas Pipe Line Company, plaintiff in error, commenced proceedings to condemn a right of way across lands belonging to J. E. Ennis, defendant in error. About July 2, 1928, the commissioners made their award from which Ennis appealed. The cause was tried on appeal before a jury in the County Court of Nacogdoches County on January 28, 1931, and judgment was rendered for damages for $417.00. On February 18, 1930, while the condemnation proceedings were pending in the County Court and before the trial of that case, Ennis filed this suit in the District Court. An appeal was prosecuted from the judgment rendered in the County Court to the Court of Civil Appeals and was by that court affirmed. 44 S. W. (2d) 773. Upon trial of the present suit filed in the District Court judgment was rendered in favor of Ennis for damages. Upon appeal by the pipe line company the Court of Civil Appeals affirmed the judgment. 57 S. W. (2d) 178.

The construction of the pipe line began about August 20, 1928, and was finished about the first of October the same year. It was stated by Ennis upon the hearing before the commissioners that he did not know the nature, character or extent of the damage he might sustain by reason of the construction of the pipe line, and that he did not desire to adduce any evidence on any item of damage other than as to the reasonable cash market value of the easement which the pipe line company sought to condemn. Counsel for the pipe line company stated to the commissioners at the same time that it would be satisfactory for the award to recite the fact that Ennis offered no evidence as to any other item of damage. It is expressly

stated in the award made by the commissioners that damages to the land and crops were not considered.

It appears that upon the trial in the County Court on appeal from the award made by the commissioners Ennis admitted the pipe line company had the right of eminent domain and the right to condemn the land, and that the proceedings theretofore had were regular. The County Court judgment shows that two issues were submitted to the jury, one inquiring what the reasonable fair cash market value of the land in question was immediately prior to the condemnation, and the other what it was immediately after the condemnation; and that judgment was rendered in Ennis' favor for the difference, to wit, the sum of $417.00. As stated above the case in which this judgment was rendered was affirmed on appeal.

It is alleged in Ennis' trial petition in the present case that the pipe line company entered upon his land in the exercise of the right of eminent domain pursuant to the County Court proceeding. After alleging the value of the timber and growing crops destroyed in clearing the right of way, injury to fences and damages on account of causing the land to wash and overflow, and on account of loose dirt deposited from excavations made in the construction of the line, and otherwise describing the alleged damage, it is specifically alleged that the damages which had been sustained had their origin in, and were caused on account of "the entering of the plaintiff's premises with defendant's pipe line, and that the damages resulted to plaintiff as a direct and proximate result of the laying and building of the pipe line over and through plaintiff's premises." It was not alleged that the pipe line was negligently constructed or that the resulting damages were caused by negligent maintenance or operation of the line after it was constructed.

The pipe line company by plea in abatement alleged there was then pending in the county court a condemnation proceeding between the same parties involving the same subject matter as that involved in this suit; and that the jurisdiction of the county court had been invoked and had attached to the cause of action as alleged in the present case prior to the time of its filing in the district court, and that the damages which Ennis was seeking to recover were involved in the proceedings then pending in the county court. The plea was overruled.

The special issues inquiring as to damages were so framed as to ascertain the damages that resulted *from the construction of the pipe line*. The jury in response to the issues found the

value of the timber to Ennis at the time it was cut and removed, was $5.50; that the company in constructing its line damaged his fences in the sum of $27.50; his terraces in the sum of $12.00; his cotton crop $85.50; his lands, by causing the same to wash, $40.00; and by causing them to overflow, $75.00; by reason of his stock getting out, $7.50; by reason of cattle getting into his cultivated field, $75.00; by reason of loose dirt being scattered over his lands, $50.00. No issue was submitted, nor was any finding made, as to damages resulting from negligent construction, operation or maintenance of the line.

■■ The pipe line company's plea in abatement should have been sustained. Its entry upon the land was lawful. It appears from the statement of the case that the issues presented by Ennis' trial petition, as well as the special issues submitted to the jury, were necesarily involved in the condemnation proceeding pending in the county court when the present suit was filed, and were determinable in that proceeding. Its jurisdiction had already attached. It is not contended that the county court proceedings were void. In fact their regularity was admitted upon the trial in that court. The district court erred in assuming jurisdiction and in hearing the case. Gulf Coast Irr. Co. v. Gary, 118 Texas, 469, 14 S. W. (2d) 266, on rehearing 17 S. W. (2d) 774; International & G. N. R. R. Co. v. Pape, 62 Texas, 313.

This is not a case in which a land owner sues a trespassing condemnor who had occupied the land without exercising the power of eminent domain and in which the condemnor set up a cross action seeking to condemn the land. Such was the case in Stakes v. Houston North Shore Ry. Co., 32 S. W. (2d) 1110, relied upon by the Court of Civil Appeals. Throckmorton County v. Howsley, 28 S. W. (2d) 951, also relied upon by the Court of Civil Appeals, is readily distinguishable from this case in that there the damage sought to be recovered was for negligent construction of the road.

It is not necessary to determine whether the evidence shows there was an agreement of the parties which in effect split the condemnation into two parts, one to be tried in the county court, and the other in the district court, as such agreement could not confer jurisdiction upon the district court. Nevitt v. Wilson, 116 Texas, 29, 285 S. W., 1079, 48 A. L. R., 355; Pierce et al. v. Foreign Mission Board of Southern Baptist Convention, 235 S. W., 552; Cooper v. United States F. & G. Co. (Com. App.), 29 S. W. (2d) 971.

For lack of jurisdiction of the district court to hear the case the judgments of that court and Court of Civil Appeals are reversed, and the case is dismissed.

Opinion adopted by the Supreme Court April 15, 1936.

Rehearing overruled June 17, 1936.