**CITY OF FORT WORTH, Appellant,**

v.

**Arthur E. DIETERT et ux., Appellees.**

No. 15543.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 10, 1954.

Rehearing Denied Oct. 8, 1954.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Jack C. Wessler, Fort Worth, for appellees.

RENFRO, Justice.

On July 24, 1953, Glade Construction Company, hereinafter called Glade, acting under a contract with the City of Fort Worth for the construction of a storm sewer, entered upon land belonging to Arthur E. Dietert and wife, cutting down some trees and damaging the land. At Mrs. Dietert's request, Glade ceased operations and left the premises. Sometime thereafter the City of Fort Worth attempted to reach an agreement with the Dieterts to purchase a right of way for the sewer but was unable to do so.

On October 30, 1953, the City of Fort Worth instituted condemnation proceedings to acquire the right of way. After due notice and hearing, an award was made by the Special Commissioners and on November 30, 1953, the City paid the amount of the award into the registry of the court. The Dieterts filed their exception to the award on November 27, 1953.

On December 9, 1953, the Dieterts filed a suit in the District Court of Tarrant County against Glade for permanent damage suffered to their realty by reason of the entry made by him on the 24th of July, 1953.

On April 3, 1954, the City filed an application in the County Court at Law for a temporary injunction restraining the Dieterts from prosecuting their damage suit against Glade in the District Court. The application for injunction was denied and the City has appealed from said order.

The City contends the County Court at Law had in all things acquired jurisdiction over every issue involved in the District Court case between the Dieterts and Glade prior to the time that suit was filed, and that the parties in the County Court case and in the District Court case are the same, and therefore the County Court erred in denying the injunction.

The City is not a party to the District Court case and Glade is not a party to the condemnation suit or the County Court injunction suit brought by the City.

Even though the City is entitled to exercise the power of eminent domain, there must be a showing of strict compliance with the law authorizing the taking of property of an owner for public use. City of Houston v. Kunze, Tex.Sup., 262 S.W.2d 947. Neither the City nor Glade had a right to destroy the trees on appellees' property prior to the City's lawful appropriation thereof by paying or securing the payment of the compensation fixed. Inasmuch as the City paid the amount of the award into the registry of the court on November 30th, that was the date of the appropriation. 16 Tex.Jur., p. 1023, sec. 341. When Glade destroyed the trees on appellees' property on July 24th, a cause of action arose in favor of appellees for the damages incurred at that time.

In the condemnation suit appellees' measure of damages is the market value of the land taken immediately prior to November 30th and the difference in the market value, if any, of the remainder immediately before and after November 30th. Jefferson County Traction Co. v. Wilhelm, Tex.Civ. App., 194 S.W. 448; Texas Western Ry. Co. v. Cave, 80 Tex. 137, 15 S.W. 786; San Antonio & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S.W. 1040; City of Dallas v. Shackelford, Tex.Civ.App., 200 S.W.2d 869; State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194.

It is our opinion, therefore, that the appellant is in error in contending that the subject matter of the District Court case and the condemnation case is the same. The subject matter of the District Court case is damages for tort committed by Glade prior to the condemnation proceedings. The subject matter of the condemnation suit in the County Court at Law

is the damages appellees are entitled to as a result of the condemnation.

In City of San Antonio v. Fike, Tex.Civ. App., 211 S.W. 639, 641, the land owner attempted in the condemnation suit to recover damages for the destruction of a sidewalk. The Court of Civil Appeals held: "* * * Had the sidewalk been destroyed under condemnation proceedings involving the appropriation of the lot to which it was an appurtenance, there could be no doubt of the right of the owners of the lot to recover for its appropriation, * * *. However, it appears that such sidewalk was destroyed prior to the institution of the condemnation proceedings, and the question arises whether its value constitutes an item recoverable in condemnation proceedings. * * * We conclude that the destruction of the sidewalk was as much an independent tort as would be improper or negligent construction, and that no recovery thereof can be had in this suit."

Under authority of the above case, as well as Ideal Laundry Co. v. City of Dallas, Tex.Civ.App., 64 S.W.2d 801, and Gregory v. Gulf & I. Ry. Co., 21 Tex.Civ.App. 598, 54 S.W. 617, the subject matter of the two suits is not the same and the County Court at Law did not abuse its discretion in denying the injunction.

The City contends that the acts of Glade were the acts of the City of Fort Worth, and therefore appellees cannot recover against Glade in the District Court, citing Blair v. Waldo, Tex.Civ.App., 245 S.W. 986; Swilling v. Knight, Tex.Civ.App., 205 S.W.2d 421; Russell v. General Const. Co., Tex.Civ.App., 59 S.W.2d 1109.

Whether or not appellees have a valid claim for damages against Glade in the District Court case, growing out of the entry of July 24th, is a matter for the determination of the District Court, after a hearing on the merits with all the facts disclosed. If Glade loses in that contest, he has the right of appeal. In our view, the suit in the District Court between appellees and Glade does not interfere with the jurisdiction of the condemnation suit in the County Court between appellees and the City, and thus does not come within the rule in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, relied upon by appellant. They involve distinct and different matters. The District Court case seeks in no way to interfere with the prosecution and award of proper damages in the condemnation suit pending in the County Court.

An injunction against the prosecution of any suit is a harsh remedy. The record before us does not justify a holding that the trial judge abused his discretion in denying the injunction.

Judgment of the trial court is affirmed.