**CITY OF CORSICANA, Appellant,**

v.

**Peter MARINO, Appellee.**

No. 3289.

Court of Civil Appeals of Texas.

Waco.

Sept. 29, 1955.

Wm. J. McKie, City Atty., Corsicana, for appellant.

Douglas Boyd, Waco, for appellee.

HALE, Justice.

This appeal grew out of a proceeding in condemnation. Appellee was the owner of a lot fronting on North 24th Street in the City of Corsicana, the lot being 120 ft. in width by 200 ft. in depth. Appellant condemned a strip off the front end of the lot for street purposes, the condemned strip being 120 ft. in width along 24th Street by about 14 ft. in depth. The case was tried in the court below without a jury. The trial judge found that appellant had the right to condemn

the strip of ground for street purposes and that appellee was entitled to recover $521.54 from appellant, the sum of $203.04 being the value of the strip condemned and the sum of $318.50 being the damages to the remainder of appellee's property by reason of the condemnation. The court rendered judgment accordingly.

Appellant says the court erred (1) "in refusing to admit evidence showing that the remaining land would be worth more after the improvements were made to the street than before," and (2) "in granting $203.04 for the value of the strip condemned because the evidence showed the strip was worth only $177.65 or less."

Sections 2, 3 and 4 of Art. 3265 of Vernon's Tex.Civ.Stats., relating to the rule of damages in condemnation suits, are as follows:

"2. When the whole of a tract or parcel of a person's real estate is condemned, the damages to which he shall be entitled shall be the market value of the property in the market where it is located at the time of the hearing.

"3. When only a portion of a tract or parcel of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner; whether the remaining portion is increased or diminished in value by reason of such condemnation, and the extent of such increase or diminution and shall assess the damages accordingly.

"4. In estimating either the injuries or benefits, as provided in the preceding article, such injuries or benefits which the owner sustains or receives in common with the community generally and which are not peculiar to him and connected with his ownership, use and enjoyment, of the particular parcel of land, shall not be considered by the commissioners in making their estimate."

Although the foregoing statutory provisions prescribe the rule of damages to be assessed by special commissioners to be appointed in a condemnation proceeding, our courts have held repeatedly that the measure of damages in the trial of a contested condemnation suit for the taking of only a part of a tract of land for public use is the market value of the land actually appropriated and the difference, if any, in the market value of the remainder of the entire tract immediately before and immediately after the appropriation, taking into consideration the nature of the improvements and the use to which the land is to be put. It has also been held that injuries or benefits which the owner sustains or receives in common with the community generally, and which are not peculiar to him, and connected with his ownership, use and enjoyment of the particular parcel of land, does not entitle the condemnor to any offset against the damages to the portion of the entire tract which is not condemned. Wilson v. Newton County, Tex.Civ.App., 269 S.W. 227; State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194; City of Trinity v. McPhail, Tex. Civ.App., 131 S.W.2d 803 and authorities; City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176.

During the trial of this case counsel for appellant elicited testimony from certain witnesses concerning their opinion as to the value of the entire lot belonging to appellee at the time when the strip across the front end of the same was condemned. One of the witnesses testified that in his opinion the entire lot was worth approximately $2,500. The testimony of other witnesses on the issue of the value of the entire lot was based upon its front footage without reference to its depth, the testimony varying from $10 to $21 per front foot. Some of the witnesses testified in effect that the taking of the strip across the front end of the lot was immaterial, in so far as the value of the entire lot was concerned. In other words, it was their opinion that a lot 120 ft. by 185 ft. was of equal value with a lot 120 ft. by 200 ft.

The evidence showed that appellee's home was situated on the lot in controversy and that the front of his residence

would be only 15 ft. from the nearest line of the condemned strip and that it would be necessary to the reasonable enjoyment of his home for him to move the house back from the street a distance of at least 15 ft. There was competent evidence to the effect that the expense which appellee would incur in having his house moved back from the street and in making proper installation and connections of plumbing facilities and public utilities therein would amount to the total sum of $408.10.

During the trial, counsel for appellant propounded to two of the witnesses who testified in the case, certain questions which were designed to elicit their opinions as to the enhanced value, after the contemplated improvements had been made in 24th Street, of the remaining portion of appellee's lot which was not condemned. The trial court sustained objections to the testimony thus sought to be elicited, on the ground that the same was immaterial, in that the benefits to be derived from such improvements would be enjoyed by the community generally, and that such benefits would not be peculiar to appellee by reason of his ownership, use and enjoyment of the land not condemned, the court stating in connection with his ruling that "I am of the opinion that damages to the property cannot be offset by increase of value to the remaining property, where such increase is enjoyed generally in the community." The record does not show, by bill of exception or otherwise, what the answer of either of these witnesses would have been to the questions thus propounded to them and, consequently, we cannot say that appellant was injured by the ruling of the trial court, or that either of the witnesses would have testified that the remaining land of appellee would be worth more after the improvements were made to the street than before. Furthermore, regardless of what their answers might have been to the questions propounded to them in this regard, we do not think the court committed reversible error in refusing to admit the evidence thus offered, because we are of the opinion that the evidence as a whole clearly shows that any benefit which appellee might receive from the contemplated improvements in 24th Street were not peculiar to him but that such benefits were shared in common with the community generally.

The entire lot belonging to appellee before the condemnation, being 120 ft. in width by 200 ft. in depth, consisted of 24,000 square ft. Assuming that the value of the entire lot was $2,500 and that the value of each square foot contained in the same was of equal value, then in that event the value of each square foot would be approximately 10½¢. The condemned strip, being 120 ft. in width by approximately 14 ft. in depth, consisted of approximately 1,692 square ft. Appellant argues that the value of each square foot in the strip of ground condemned across the front of the lot was no more than the value of any other square foot in the entire lot and, consequently, it insists that the evidence shows the condemned strip was worth only $177.65 or less. We cannot agree with this argument or contention. Under the law of this State, the condemnor of land for public use is required to compensate the owner by paying the full, reasonable market value of the land taken, provided the land so taken has a market value. If the land so taken does not have a market value, then the condemnor is required to compensate the owner by paying the full and fair intrinsic value of the land so taken. Under all the evidence in this case, we think the trial court was warranted in concluding that the true value of the strip of land condemned, and the amount of compensation that should be awarded to appellee for its taking, was the sum of $203.04.

Finding no reversible error in the record, both of appellant's points are overruled and the judgment appealed from is affirmed.