William P. GLADE, d/b/a Glade Construc-
tion Company, Appellant,

v.

Arthur E. DIETERT et ux., Appellees.

No. 15678.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 27, 1956.

Rehearing Denied Feb. 24, 1956.

R. E. Rouer, Robert R. Goodrich, G.
Gordan Whitman, John Gano, Earl C.
Morgan, and S. G. Johndroe, Jr., Fort
Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough
& Gooch and Jack C. Wessler, Fort Worth,
for appellees.

MASSEY, Chief Justice.

On September 10, 1954, this court de-
cided the case of City of Fort Worth v.
Dietert, 271 S.W.2d 299, error refused. In
that case, the County Court at Law of Tar-
rant County had refused the application
of the City of Fort Worth for a temporary
injunction restraining Dietert and his wife

from prosecuting in the District Court a suit for damages against the Glade Construction Company. The City prayed for injunctive relief under the theory that the damage done by the Company to the land of the Dieterts in the trespass upon it, at the direction of the City, was subject matter embraced in the condemnation suit which had been placed on file in the County Court. We upheld the action of the court below under the theory that the jurisdiction of such court over the condemnation suit was related to different subject matter from that in Dietert's suit for damages in the District Court.

This appeal is from a judgment for damages in behalf of Arthur E. Dietert and wife against William P. Glade, d/b/a Glade Construction Company, hereinafter called Glade, on account of the trespass upon the Dietert land on July 24, 1953. This suit was tried in the District Court of Tarrant County after our judgment became final in the injunction case.

■ By two points of error, Glade advances a proposition which we interpret as follows: "Where under authority of eminent domain a principal may take property of another, such other may not prosecute a suit against the principal's agent for damages growing out of his trespass upon the other's premises, if that trespass was non-negligent and at the direction of the principal and if the principal exercises the right of condemnation of the property so damaged prior to the time its owner prosecuted his damage suit against the agent." The proposition is rejected and the points of error are overruled. We recognize that there are instances wherein the principal is liable though the agent is not, but none of the cases and authorities bearing upon such cover a situation such as here posed, i. e., a case of malfeasance on the part of the agent in the trespass upon and direct damage to the property of another at a time prior to and not involved with the eminent domain proceedings later filed. The general rule to be applied imposes liability upon the agent as well as upon the principal. See 20 A.L.R. at page 109, and 99 A.L.R. at page 410; 2 Tex. Jur., p. 589, Agency, sec. 177, "Agency or Employment as Affecting Liability of Tortfeasor"; Restatement of the Law, Agency, sec. 343; City of Dallas v. Miller, 1894, 7 Tex.Civ.App. 503, 27 S.W. 498; Wilson v. Newton County, Tex.Civ.App. Beaumont, 1925, 269 S.W. 227; Schooler v. State, Tex.Civ.App. El Paso, 1943, 175 S.W.2d 664, writ refused, w.m.; King v. Schaff, Tex.Civ.App. Fort Worth, 1918, 204 S.W. 1039; Black v. Baker, Tex.Com.App. 1938, 130 Tex. 454, 111 S.W.2d 706.

■ We believe the case of City of Fort Worth v. Dietert, supra, demonstrated the distinction between the condemnation action pending between the City and Dietert and the trespass action between Glade and Dietert,—demonstrated the distinction between the question of damages in the distinct actions,—and demonstrated that prosecution of the suit for damages on account of the trespass in no way interferes with the proper award of damages to Dietert pursuant to the condemnation. Since the condemnation case is untried and pending, even though pursuant to the proceedings there has been a "taking" of certain property of Dietert and perhaps also a damage to that part of his property not so "taken", Dietert was entitled to try his suit against Glade free from any encumbrance of the record by injection of matter bearing upon the issues awaiting trial in the condemnation suit. This is particularly true in view of the fact that only the amount of damages sustained by Dietert as result of the trespass by Glade was in issue between the parties upon the trial. This being the case, the only statements or allegations which Dietert might have made in connection with the condemnation proceedings which could be of use to Glade would be such as would tend to minimize the amount of damages claimed on account of the trespass. None of the pleadings or evidence which was stricken or rejected by the court below bore upon the matter or tended to impeach the claims and testimony of Dietert regarding the amount of his damages. Most of Glade's points of error are predicated upon action of the trial

court striking allegations in his answer and upon the trial court's refusal to permit him to introduce evidence of the existence of the pending condemnation suit, the pleadings therein, claims made upon the City, and transactions between Dietert and the special commissioners appointed pursuant to the proceedings in eminent domain. All of such points of error are overruled. Permitting the pleadings of Glade to stand as filed, or permitting more testimony about the condemnation case than was permitted, would have merely served to encumber the record and to confound and confuse the jury in determining the issues on damages.

 Glade submitted five specially requested issues, all of which were refused by the trial court. These issues embraced an inquiry as to whether Glade committed the trespass, a matter clearly not in dispute,—and inquiries immaterial to the determination of the issues in the suit. Glade desired jury findings as to whether his trespass was that of an agent, whether on behalf or at the direction of the City of Fort Worth, whether committed because of a contract with the City, and whether in accordance with such contract's plans and specifications. Glade was not entitled to any of these issues. His points of error predicated upon their refusal are overruled.

In making his argument to the jury, Dietert's counsel stated the following:

" '* * * As a matter of fact, the defendant Glade did not even show up. They did not give you gentlemen the benefit of the testimony of any of the employees of the Glade Construction Company who were there at the time or who were doing the work. If they thought they had a right on the property, don't you think they would have been up here on the witness stand telling you that they thought they had a right on the property; if they had thought that they had the right to do, what they were entitled to do, wouldn't you have heard from the man on the bull-dozer who was out there that day and who was the employee of this defendant, wouldn't you have heard from the man that tied the chain around the trees to drag them out if

he thought that he was doing what he was supposed to do and had a right to do. No, all of their testimony is hidden from you gentlemen. You have not heard a thing in the world from those people.' "

 Glade predicates a point of error upon this argument. We are of the opinion that the argument was legitimate as an inference proper to be made from the absence of the witnesses under all the circumstances, and proper to be commented upon to the extent of the language used. Marek v. Southern Enterprises, Inc., of Texas, Tex.Com.App.1936, 128 Tex. 377, 99 S.W.2d 594. Furthermore, we cannot conceive of any juror of ordinary intelligence being persuaded by the argument to return a verdict other than one he would have returned but for its having been made. Goforth v. Alvey, 1954, 153 Tex. 449, 271 S.W.2d 404. The point of error is overruled.

Judgment is affirmed.