**Joseph L. CARTER et ux., Appellants,**

**v.**

**CITY OF TYLER, Texas, Appellee.**

**No. 476.**

Court of Civil Appeals of Texas, Tyler.

May 14, 1970.

Rehearing Denied June 11, 1970.

Ben E. Jarvis, Tyler, for appellants.

Henry L. McGee, Jr., W. M. Williams, Jr., Tyler, for appellee.

McKAY, Justice.

This is a condemnation suit brought by appellee, the City of Tyler, seeking to condemn the fee interest in the surface of 11.-54 acres of land out of a 125 acre tract owned by appellants, Joseph L. Carter and Grace Carter. A stipulation having been entered into by both parties as to the right of the City to condemn this property, only the issue of damages was tried to a jury. The jury found the cash market value of the surface estate of the 11.54 acres to be $5,770.00, but found that the remainder of 113.47 acres had neither been damaged nor specially benefitted by the condemnation. A judgment was entered based upon these findings.

It appears that prior to the institution of this suit, appellants conveyed approximately 21 acres out of the same tract of which the property here in question is a part, to the Upper Neches River Municipal Water Authority (hereinafter called the River

Authority), to be a part of the Blackburn Crossing Reservoir, or Lake Palestine.

The City of Tyler, by these proceedings is acquiring land adjacent to the shores of Lake Palestine for the construction of a water pump station, water pipe lines and a service road to help supply the future water needs of the City. The pump station is to be located on a 5.59 acre rectangular tract next to the shores of the lake, and a strip of land 100 feet by 2,610.4 feet, running across appellants' land to the pump station site, is being acquired for service road purposes.

The City's pump station will be connected to an intake tower and suction line to be constructed by the River Authority upon its own land. This tower will be out in the waters of the lake, but the record does not disclose, by exhibit or otherwise, its exact location. While there is some evidence that the City and the River Authority jointly selected the sites for these improvements, it is undisputed that each public body will construct its part of the total project upon its own land. No part of the property owned by the River Authority was acquired by appellee in these proceedings and none of the improvements to be constructed by appellee will be situated upon the land owned by the River Authority.

Upon the trial of this case, the trial judge excluded testimony concerning the probable effect of the location in the water of this intake tower upon the value of appellants' remainder if used for lake shore development property. In his charge to the jury, the trial judge included a special instruction, as follows:

"You are instructed that damages, if any, to the remainder of the Carter property by reason of improvements constructed, or to be consructed by any agency other than the City of Tyler, and upon property not being acquired by the City of Tyler in these proceedings are not recoverable in these proceedings and you shall not assess any sum of money for such damages, if any, nor consider any such damages, if any, in your deliberations in this case."

Appellants' first two points of error complain of this special instruction. Appellants argue that such instruction is improper, and reversible error, because it does not correctly apply the law in that a condemnee is entitled to adduce any evidence of any fact which may reasonably affect the value of the land taken. They contend that the River Authority's intake tower is a necessary part for the operation of the City's pump station, and that it is not remote, speculative or conjectural and would have an effect on the market value of the remainder of the property. These instructions, they argue, therefore place a greater restriction on the evidence which the jury can consider than the law requires.

The record reflects that the River Authority acquired from appellants the land upon which the intake tower is to be placed before these proceedings were begun by the City, and that there was no restriction upon the River Authority as to the use to be made of such land.

■ Article 3265, Section 3, Vernon's Ann.Tex.Civ.St., provides, as part of the measure of damages, when only a portion of a tract of a person's real estate is condemned, that a determination be made as to whether the remaining portion is increased or diminished in value *by reason of such condemnation.* It is settled law that this element of damages is measured by the difference, if any, in the market value of the remainder of the entire tract immediately before and immediately after the appropriation. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936); City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808 (1954); Wallace v. Van Zandt County, 264 S.W.2d 202 (Tex.Civ.App., Dallas, 1954, n.w.h.); City of Corsicana v. Marino, 282 S.W.2d 720 (Tex.Civ.App., Waco, 1955, n.w.h.).

Appellants urge in their Brief that the universal rule in all American jurisdictions is that *any* (their emphasis) element which a willing buyer or a willing seller would take into consideration would or could be considered by a jury in arriving at the remainder's value prior to and after the taking, citing as Texas authority, the case of State v. Carpenter, supra.

While we do not disagree with appellants' quote from Texas Law of Condemnation, Sec. 93, p. 331, citing State v. Carpenter, supra, or the quote from Brazos River Conservation and Reclamation District v. Costello, 169 S.W.2d 977 (Tex.Civ. App., Eastland, 1943, err. ref., w.o.m.), the condemnee is entitled only to receive just compensation for his land taken—which includes damages inflicted upon him by reason of the taking—such a sum as would put him in as good a position pecuniarily as he would have been if his property had not been taken. Article 1, Section 17, Texas Constitution, Vernon's Ann.St.; Article 3265, Secs. 1, 3, and 4, V.A.T.S.; Schlottman v. Wharton County, 259 S.W. 2d 325 (Tex.Civ.App., Fort Worth, 1953, dismissed); Gregory v. Gulf & I. Ry. Co., 21 Tex.Civ.App. 598, 54 S.W. 617 (1899, dismissed). The proposed construction of the intake tower by the River Authority upon its own property does not constitute a taking of appellants' property by the City of Tyler, even though the City will make use of the intake tower. If recoverable damages have, in fact, been done to appellants' land by the proximity of the tower, they must look to the River Authority for restitution.

We are of the opinion that the rule as to admissible evidence on market value is not as broad as that urged by appellants, i. e., that any fact, without restriction, is admissible if it tends to affect market value. Involved here is a proposed structure not on the land in question. Our recent opinion in State v. Wilson, 439 S.W.2d 134 (Tex.Civ.App., Tyler, 1969, n.w.h.), is based upon the proposition that the condemnor is not liable in damages to the condemnee for injuries to the community at large.[1] That case involved the taking of a portion of a tract for highway purposes. We held that evidence of increased noise and traffic, and of a decline in the neighborhood due to the removal of several brick homes to make way for the highway, to be inadmissible. State v. Cartwright, 351 S.W.2d 905 (Tex.Civ.App., Waco, 1961, ref., n.r.e.), also involving condemnation for highway purposes, held that testimony of an increase in the value of the land resulting from the proposed highway was not admissible in setting the value of the land taken. See also Luby v. City of Dallas, 396 S.W.2d 192 (Tex.Civ.App., Dallas, 1965, ref., n.r.e.); Herndon v. Housing Authority of City of Dallas, 261 S.W.2d 221 (Tex.Civ.App., Dallas, 1953, err. ref.).

Since we have determined that the City of Tyler cannot be held liable or responsible to these appellants for the location or the construction of the intake tower upon the River Authority's own property, it follows that it was proper for the trial court to instruct the jury that they should not consider any damage which may have resulted from the location or construction of the tower. We find no error in the trial court's instruction and, therefore, appellants' points one and two are overruled.

The Third point of appellants relates to the admissibility of testimony regarding the effect on the remainder of the tract caused by the location of the River Authority's water intake tower.

[1]. Article 3265, Sec. 4, V.A.T.S.: "In estimating either the injuries or benefits, as provided in the preceding article, such injuries or benefits which the owner sustains or receives in common with the community generally and which are not peculiar to him and connected with his ownership, use and enjoyment, of the particular parcel of land, shall not be considered by the commissioners in making their estimate."

As appellee cannot be held liable in damages, if any, caused by the tower, it appears from the record that no harmful error has been committed by excluding such testimony. Appellants' third point is overruled.

Appellants' fourth point complains that the court erred in instructing the jury "not to consider any testimony of the defendants' witness, Mr. Cripps, since such witness did not give any reason or reasons to support his conclusion that the remainder of the tract had decreased in value after the taking of the 11.54 acre tract by the City of Tyler."

Rule 434, Texas Rules of Civil Procedure, provides "that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *."

It appears from the record that there was sufficient evidence, exclusive of that of the witness Cripps, upon which the jury could have found that damage had resulted to the remainder of appellants' land. The jury did not so find. It is settled that the question of whether the error, if any, probably caused the rendition of an improper judgment must be determined by the appellate court in the exercise of its sound discretion from the record as a whole, including the state of the evidence. Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115 (1951); Aultman v. Dallas Railway and Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953); Howard v. Salmon, 359 S.W.2d 882 (Tex., 1962). Appellants' fourth point is overruled.

Judgment of the trial court is affirmed.